### 1957.  SCOTT *v.* THE STATE.

HILL, C. J. 1. The motion to quash the accusation because there was no evidence submitted by the State in support of the offense as charged in the accusation was properly overruled. This was a question for the jury, and not for the court.

2. Where the accusation charged that the accused "did play and bet for money at a game played with cards called 'skin,'" and one witness described to the jury the game of cards that he saw the defendant playing, and another witness testified that he was familiar with the game of cards called "skin," and that the game played by the defendant as described by the first witness was the game of "skin," the jury were authorized to conclude that the particular game of cards as described in the indictment called "skin" was the game played by the defendant.

3. After a criminal case has been submitted to the jury and they have returned into court with their verdict, and have entered the jury box for the purpose of delivering the verdict to the court, the fact that one of the jurors did not enter the box with the others, but stood in the court-room in the presence of the judge and near the other members of the jury while the verdict was being received, did not constitute such a separation of the jury pending the trial of the case as would be presumptively harmful to the defendant; and where such technical separation of the juror from the other jurors occurred in the presence of the defendant and he made no objection to it at the time, it will be considered that he waived this trivial irregularity, and it will not entitle him to another trial. *Waller* v. *State*, 2 *Ga. App.* 636 (58 S. E. 1106).     *Judgment affirmed.*

Accusation of gaming, from city court of Nashville—Judge Peeples.  May 15, 1909.

Submitted July 14,—Decided July 31, 1909.
*Hendricks & Christian,* for plaintiff in error.
*J. H. Gary, solicitor,* contra.