## 6271. HICKS *v.* THE STATE.

1. In an accusation of gaming it is not necessary to specify the particular game played or to identify the players, but if the game be identified by confining the charge to a particular game, not only is evidence thereby restricted to proof of the game specified, but the burden devolves upon the State of proving that the game in which the accused was engaged was the precise game charged in the accusation.

2. Where the testimony presents an issue of fact the jury, or the judge trying the case without a jury, is the sole arbiter, and if the finding is supported by any evidence, this court will not disturb it unless an error in the trial contributed to the result; but a finding without evidence to support it is contrary to law. In the present case the judgment finding the accused guilty was without evidence to support it.

3. In determining whether the evidence adduced on the trial was sufficient to authorize the verdict, a reviewing court can not go outside of the brief of the testimony as approved by the trial judge, or treat as a fact his opinion or conclusion that certain demonstrative evidence was sufficient to establish a particular fact. In testing the sufficiency of the

evidence to support a particular finding, the reviewing court should be guided by such conclusions as are naturally, reasonably, and legally supported in fact, and can not merely adopt the conclusions of the trial court. It can not derive assistance from conclusions based upon matters not disclosed by the record, for they can not with propriety be considered.

DECIDED APRIL 13, 1915.

Accusation of gaming; from city court of Hazlehurst—Judge Grant. January 7, 1915.

*Gordon Knox, Newton Gaskins,* for plaintiff in error.

*J. Mark Wilcox, solicitor, S. D. Dell,* contra.

RUSSELL, C. J. On the first point which presents itself, to wit, that the date of filing entered on the accusation (December 29) was subsequent to the date of the trial (December 28), we can not consider the statement of the trial judge, written below the signature of his certificate to the bill of exceptions, that the accusation was actually filed on December 28, before the trial; for it is well settled that the power of a trial judge over a bill of exceptions is exhausted with the signing of the certificate, and that any subsequent statement, qualifying or contradicting the statements of the bill of exceptions which he has certified to be true, is ineffectual and can not be considered by a reviewing court. It is to be inferred, however, that the defendant waived the formal filing of the accusation prior to the trial, or perhaps consented to go to trial without it.

The record, then, raises merely the single question whether the evidence was sufficient to support the judgment finding the accused guilty of playing and betting at a game of "skin." A verdict supported by some evidence and approved by the trial judge is never disturbed by this court, unless some error was committed which may have caused an unfavorable finding against the plaintiff in error, or contributed to it by prejudicing him before the jury. But a verdict or finding without any evidence to support it is contrary to law. In this case a single witness for the prosecution testified that he saw the accused, with others, engaged in a game of cards, and that some had cards and some had money; and the evidence would have authorized a verdict of guilty if the State had preferred a general charge of gaming. The State was not required to specify the game in which the defendant was engaged, but, having selected a specific game, and having based the charge thereon, it devolved

upon the State to prove beyond a reasonable doubt that the defendant played the game of "skin." If the State had charged generally that the defendant played and bet for money or other thing of value at a game played with cards, without specifying the particular kind of game played, one of the results of the trial might have been to enable the accused to interpose a plea of former jeopardy to any charge of gaming laid prior to the accusation upon which he was tried; whereas the State, in restricting the charge in the accusation to the single game of "skin," retained the right to prosecute him under a different accusation, for engaging in any unlawful game other than the game known as "skin," not barred by the statute of limitations. Authorities are abundant in support of the proposition that the State, having charged the defendant with having played a specific game, was confined in its proof to evidence in support of that charge. Judge Wade and myself are of the opinion that the evidence is insufficient to show that the game in which the defendant was shown by the testimony to have been engaged was the game commonly known as "skin." The burden was upon the State to show affirmatively that the game in which the defendant was playing was "skin;" and if there was any doubt upon the subject, the State failed to carry the burden resting upon it. Even if a consideration of the evidence induces the conclusion that the defendant might have been playing "skin," an acquittal nevertheless would be the only proper legal result. However, the witness introduced by the State as an expert on the game of "skin," basing his testimony upon a resumé of the facts stated by the only eye-witness, testified that he could not say that the game described by that witness was the game of "skin." The eye-witness did not attempt to denominate the game, and apparently was unfamiliar with the nomenclature or details of the different games played with cards. He stated merely what he saw the players do, and the position of the cards. According to the testimony of the expert witness, if the cards were in the position detailed by the eye-witness, and the eye-witness stated what actually took place, the game which was being played was not the game of "skin." The majority of the court, therefore, think the evidence was so insufficient that the conviction of the accused is contrary to law.

The learned trial judge incorporates in his statement approving the brief of the evidence the statement that "the game of skin was

more fully demonstrated to the court than the description in the above brief," but we are not able to consider this statement. To any statement which the trial judge might have made purporting to relate facts or occurrences which transpired we would unhesitatingly give credence, not only in obedience to the law, but also on account of our personal knowledge of the unquestioned personal integrity of the judge who presided in this case, but in reaching a conclusion as to the sufficiency of the evidence as a basis for its decision, a court of review must act upon its own conclusions as deduced from the evidence obtained from the only source provided by law,—the brief of the testimony as approved by the trial judge. It was within the power of the trial judge in the present case to have required the recitals of the brief of evidence as to the details of the demonstration to be made more full,—to be made exact; and it may be that if that had been done, we should have reached the same conclusion that he did. But since we are not permitted to draw conclusions except from the evidence as recorded, and can not merely adopt the conclusion of the trial judge on demonstrative evidence undisclosed, we can not with propriety even consider the result of his conclusions or permit ourselves, in discharge of the responsibility resting upon us, to be in any wise influenced thereby. In testing the sufficiency of the evidence to support a particular finding, a court of review should be guided only by such conclusions as are naturally, reasonably, and legally supported in fact, and can not adopt the conclusions of the trial court as such. It can not derive assistance from conclusions based upon matters not disclosed by the record.                                    *Judgment reversed.*

BROYLES, J., dissenting. The evidence that the accused was playing the game of cards known as "skin," as alleged in the accusation, is not entirely satisfactory to me, but a very important part of that evidence being demonstrations by witnesses with packs of playing cards, the trial judge, who, sitting as judge and jury, saw those demonstrations, was in a much better position than we are to determine that question of fact; and he, sitting as a jury, having determined it, and, as trial judge, having approved the verdict, and no error of law being complained of, in my opinion his discretion in refusing to grant the motion for a new trial should not be interfered with. *Moody* v. *State*, 1 *Ga. App.* 772 (10), 775 (58 S. E. 262); *Sims* v. *State*, 1 *Ga. App.* 776 (3), 778 (57 S. E. 1029); *Scott* v. *State*, 6 *Ga. App.* 567 (65 S. E. 359).