## 44811. JENKINS v. THE STATE.

WHITMAN, Judge. 1. This is an appeal from a judgment of conviction and sentence for violation of traffic laws. The accusation against Jenkins charged that he, on a certain date, did: "(1) Drive an automobile on Ga. Highway 15 and upon overtaking another automobile going in the same direction did pass said automobile where the road ahead was marked by yellow line; (2) And also, in the manner afore-

104

said and on the same date operate a motor vehicle on Ga. Highway 15 at a speed greater than 50 mph to wit 105 mph; (3) And also, in the manner aforesaid and on the same date did fail to grant right of way to oncoming car thereby running it off the road; (4) And also, in the manner aforesaid and on the same date did fail to stop when signaled to do so by an officer."

To this accusation the accused demurred as follows: "1. Said accusation and allegations thereof are not sufficient to charge defendant with a violation of any offense under laws of Georgia, and said accusation is wholly insufficient in law. 2. The language of said accusation and statute upon which same are based, are both too indefinite in their import to serve as a definition of criminal conduct, and both are therefore void. . ."

The demurrer was overruled and this action is enumerated as error.

"The true test of the sufficiency of an indictment to withstand a general demurrer, or a motion to quash, is found in the answer to the question: Can the defendant admit the charge as made and still be innocent? If he can, the indictment is fatally defective. The mere characterization of an act which may lawfully be committed as unlawful does not suffice to so inform one accused of crime of the nature of the offense with which he is charged as to enable him to prepare for trial. To charge that an act intrinsically lawful was done unlawfully, without more, is not a statement of a fact, but a mere conclusion of the pleader." *Dukes v. State,* 9 Ga. App. 537 (2) (71 SE 921). See also *Newman v. State,* 63 Ga. 533, 534. Accusations in the City Court of Washington County must meet the same requirements of indictments in the superior court. Ga. L. 1901, p. 164, § 31.

When the first count of the accusation is so tested it fails. The conduct which is forbidden by *Code Ann.* § 68-1638 (Ga. L. 1953, Nov. Sess., pp. 556, 584, as amended) and is punishable as a misdemeanor by *Code Ann.* § 68-9926 (Ga. L. 1953, Nov. Sess., pp. 556, 565), is to overtake a vehicle where the solid yellow line is placed to the right of the center or lane line. With regard to the remaining counts, the accused can not admit the charges and still be innocent. As to Count 2, see *Code Ann.* § 68-1626, as amended; as to Count 3, see *Code Ann.* § 68-1637; and as to Count 4, see *Code Ann.* § 68-1602.

It was error to overrule the demurrer to the accusation as to Count 1, and all proceedings subsequent thereto with regard to this count were nugatory.

2. In instructing the jury as to the law regarding the 2nd, 3rd and 4th counts of the accusation, the trial judge charged only as follows: "Speeding I charge you is the operation of an automobile in excess of 50 miles per hour, failure to grant right of way is when you are approaching another car you must stay on your side of the road so that you are operating your automobile to the right of the road and not on the other man's lane and I charge you further that no person shall wilfully fail or refuse to comply with any lawful order or direction of any officer invested with law and authority to direct and control and regulate traffic."

This charge is enumerated as error as being confusing, unintelligible, misleading, and prejudicial to the defendant. It is also contended that as to speed the charge was incorrect, since it is not always a violation of the law to travel in excess of 50 miles per hour. All of the evidence in the case is that the events in question took place between approximately 12 midnight and 1 a.m. on State Highway 15. Under such circumstances, operating an automobile in excess of 50 miles per hour would be speeding. See *Code Ann.* § 68-1626 (b) (2, 3), as amended. The charge as to speeding was adjusted to the evidence. The remainder of the charge, while in greatly simplified language, does state the meaning of *Code Ann.* §§ 68-1637 and 68-1602. We do not find the charge erroneous. Where a detailed instruction is desired it should be timely and properly requested. *Steele v. State,* 118 Ga. App. 433 (2) (164 SE2d 255).

3. The following charge has also been enumerated as error: "In all criminal cases the defendant has a right to make such statement in his own defense as he sees fit and proper to make. It is not under oath and is not subject to cross examination but the jury may believe it in preference to sworn testimony; however, the law gives the defendant the right if he so elects to give his testimony under oath and be subject to cross examination like all other oral testimony."

The record shows that the defendant was sworn as a witness, gave testimony and was cross examined. There is no need to make reference to the provision in our law (*Code Ann.* § 38-415, as amended) regarding the right of a defendant to

make an unsworn statement and his right to decline to answer questions on cross examination in a case where the defendant has not done so, but instead has testified and submitted to cross examination. It is unnecessary and superfluous commentary. But unless such commentary on the manner in which the defendant has proceeded in the case may be received by the jury as a reflection against his position, it is harmless. Compare *Carter v. State*, 7 Ga. App. 42 (65 SE 1090). In the case before us the charge was definitely inappropriate and erroneous but it was harmless.

4. The remaining enumerations of error addressed to charges of the court are without merit.

5. The verdict was authorized by the evidence.

*Judgment of conviction and sentence reversed in part and affirmed in part in accordance with this opinion. Jordan, P. J., and Evans, J., concur.*

SUBMITTED OCTOBER 7, 1969—DECIDED JANUARY 29, 1970— REHEARING DENIED FEBRUARY 5, 1970.

*Casey Thigpen*, for appellant.
*Thomas A. Hutcheson, Solicitor*, for appellee.

