### 45732. WARD v. THE STATE.

BELL, Chief Judge. 1. The defendant was indicted in a two-count indictment for forgery in the first and in the second degree, respectively. *Code Ann.* §§ 26-1701 and 26-1702 (Ga. L. 1969, pp. 857, 860). The defendant's motion to dismiss and quash the indictment was overruled. He contended that it is impermissible to charge both degrees of forgery, as the lesser offense is included in the greater crime, and therefore the indictment was duplicitous and placed the defendant in double jeopardy. The indictment is not subject to this criticism. Forgery in either degree may be committed in several ways. Both statutes in

part define forgery as the *making, altering,* or *possessing* of any writing, etc. One check was the basis for both offenses, but defendant was charged with committing the offenses in different ways in each count. Count 1, forgery in the second degree, accused the defendant of knowingly *making* the signature of the drawer of the check with intent to defraud. On the other hand, Count 2 charging forgery in the first degree, alleged that the defendant *possessed* the check knowing it to have been forged and *uttered or delivered it to another* with intent to defraud. Uttering or delivering the writing is an essential element of forgery in the first degree whereas it is not an element of the lesser degree of forgery. Offenses differing from each other and varying in their punishment may be included in the same indictment provided they be of the same nature and differ only in degree. *Hoskins v. State,* 11 Ga. 92. The offenses charged fall within the *Hoskins* rule. The defendant may be convicted of one and not the other as was the case here as defendant was acquitted of Count 1 and convicted of Count 2.

2. Defendant made an unsworn statement to the jury. At the completion of his statement he was asked if he had any objections to being sworn. to which he answered negatively and was sworn. He then testified. On cross examination, the district attorney asked "Now you realized further that when you got up there not under oath that you could say anything you wanted to and I couldn't ask you a question? You knew that, didn't you?" A motion for mistrial was made on the ground that the State was commenting upon the failure of the defendant to initially testify under oath. The motion was denied and the district attorney continued to interrogate the defendant along this line and specifically asked questions why he did not make a sworn statement in the beginning and why the defendant was unwilling to take an oath originally. The trial judge finally directed the district attorney not to pursue the matter any further. The 1962 amendment to *Code* § 38-415 provides that no comments shall be made because of the failure of a defendant to testify under oath. Ga. L. 1962, pp. 133, 134. In *Bryant v. State,* 121 Ga. App. 806 (175 SE2d 924), the defendant at the completion of her unsworn statement used the words "I'll swear

to God if I have ever seen that man before in my life until that night." We held that the defendant by this utterance had taken an oath and it was not improper for the solicitor to seek to cross examine. We noted in the *Bryant* opinion that the solicitor "very properly made no comment on the matter to the jury," and did not violate the amendment to *Code* § 38-415. Here the district attorney cross examined on the subject of the failure of defendant to testify which amounts to a comment on defendant's failure to be sworn. This examination obviously had the effect of conveying to the jury the inference that the defendant's earlier failure to take an oath should be counted against him. See *Jenkins v. State,* 121 Ga. App. 103, 106 (172 SE2d 845). We believe that even though he was later sworn (which under the *Bryant* holding converted the prior statement to sworn testimony) the district attorney by examining the defendant upon his failure to take an oath in the first instance violated the cited statutory rule. We fail to see that it makes any difference where, as here, the defendant exercised his right initially to make an unsworn statement and then later elected to testify under oath, insofar as the application of the statute is concerned. The statute plainly prohibits any attempt to discredit a defendant in the eyes of the jury by the making of any comment upon the exercise of his right not to be sworn. By analogy see *Code* § 27-1404 which prohibits the consideration against the defendant of a withdrawn plea of guilty. The trial court erred in denying the motion for mistrial.

3. As this case will be retried, we do not pass upon the general grounds. The other enumerations of error either have no merit or are not likely to occur on another trial.

*Judgment reversed. Quillian and Whitman, JJ., concur.*

ARGUED OCTOBER 1, 1970—DECIDED JANUARY 13, 1971—
REHEARING DENIED JANUARY 27, 1971.

*M. C. Pritchard,* for appellant.
*Dewey Hayes, District Attorney,* for appellee.