## 55334. HOLMES v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of three counts of forgery and two counts of theft by taking. *Held:*

1. Counts 1 and 2 of the indictment allege forgery in the first degree. Count 3 alleges forgery in the second degree as it failed to allege that the defendant uttered or delivered the check or writing, an essential element of forgery in the first degree. *Ward v. State,* 123 Ga. App. 216 (180 SE2d 280). The trial court charged the jury only on the greater crime. After the jury returned a guilty verdict on all counts, the trial court sentenced the defendant to ten years each on the forgery counts, to be served consecutively. On appeal the defendant enumerates as error the failure of the trial court to charge on forgery in the second degree and that it erred in sentencing the defendant to ten years confinement on each forgery count, the maximum authorized for forgery in the first degree. Code § 26-1701 (b). It was error to fail to charge on forgery in the second degree with respect to Count 3 as that was the crime charged in Count 3. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354). The instructional error was harmless as the court by charging only on the greater crime placed a heavier burden on the state by requiring it to prove the element of uttering as to all counts. However, the defendant was sentenced for the greater crime and thus it was excessive as a matter of law. Conviction for forgery in the second degree authorizes a sentence of imprisonment for not less than one nor more than five years. Code § 26-1702 (b). We affirm with direction that the trial court vacate that part of the sentence which sentences defendant to ten years confinement on Count 3 and further direct the trial court to re-sentence defendant for conviction of forgery in the second degree as to Count 3.

2. All other enumerations have been examined and have no merit.

*Judgment affirmed with direction. Shulman and Birdsong, JJ., concur.*

SUBMITTED JANUARY 31, 1978 — DECIDED MARCH 2, 1978.

*Rex Wallace Garner,* for appellant.
*F. Larry Salmon, District Attorney, Wallace W. Rogers, Assistant District Attorney,* for appellee.