## 61637. PEAVY v. THE STATE.

POPE, Judge.

Mallory Francis Peavy was indicted in two counts for the offenses of kidnapping and enticing a child for indecent purposes. The indictment alleged that appellant Peavy had previously pled guilty to the offense of inveigling a child and had prior convictions of two counts of statutory rape and child molestation. Appellant pled not guilty and was tried before a jury which returned guilty verdicts on both counts. The trial court held the sentencing hearing outside the presence of the jury and the state introduced without objection certified copies of the previous convictions alleged in the indictment. Appellant was sentenced as a habitual criminal under both counts and an appeal was filed by his appointed counsel. Subsequently, an out-of-time amendment of his enumerations of error was allowed by this court to incorporate further grounds appellant and his later-retained counsel desired to raise.

The state presented evidence at trial that the victim, a ten-year-old girl, and two other children were playing in a mud hole and selling pickled peppers by the side of South Lizella Road near Macon. When the appellant drove by in his van, the children "hollered out," trying to sell him some peppers for $10 a jar. He refused and inquired of the children "did we know anybody that takes dirty pictures." Each child responded, "No." The appellant drove off, turned his van around and stopped again when the children offered to lower the price to $5. At that time the children's mother, who was leaving to go to Macon, came by and told them to go home to their sitter. The two boys had bikes and the appellant asked the victim if she wanted to ride home. The victim testified that she got in the van and when they passed her house she "told him to stop but he wouldn't . . . [H]e asked me if he could take dirty pictures of me . . . I told him no . . . [but] [h]e went going towards Macon down Highway 80." The appellant took the child to a location close to Lake Tobesofkee and parked the van. She asked him to take her home and he cranked up the van and started back toward her house. On the way he showed her a book containing pictures of "girls with no clothes on." He told the victim that if she could sneak off for 3 or 4 hours and let some people take dirty pictures of her, they would all get $100 a

week. She saw a camera in a box on a shelf in the van but the appellant did not get it out. The appellant finally let her out at the Big Bethel Church and gave her $5 for the peppers. A Mr. Tidwell who lived on Knoxville Road testified that he walked out of his back door and heard someone crying. The victim was walking down the road toward his house sobbing hysterically. When he questioned her, she told him she was lost and "that some fellow had picked her up, you know, and she was selling peppers and that he bargained to buy the peppers and he was supposed to give her ten dollars but he only had five . . ." The girl's clothing was very wet and muddy, and Mr. Tidwell took her home.

Appellant admitted that he was driving down South Lizella Road on the day in question and saw three children playing in a mud hole but swore that they waved and hollered at him as he drove by so that he turned around and came back to see what they wanted. They tried to sell him some hot peppers for $10. While he was there, the children's mother and some other people came up and he spoke to them; they laughed about the children's efforts to sell hot peppers. When the mother left he drove off also but had to turn around to go in the direction he wanted to go in; when he came back by the children, they were on the road again and offered to sell him the peppers for $5 to which he agreed. The boys were on bicycles and asked the appellant to drive the girl to their house, telling him that she would not ride the bicycles because she was afraid she would drop the peppers and did not want to walk. She got in appellant's van and when she pointed out her house, he gave her $5. She got out and he drove off and never saw her again until they were in court. She was not in the van over two minutes and nothing was ever said to her or the other children about taking dirty pictures.

1. The appellant's first amended enumeration of error attacks the denial of his motion for new trial on the general grounds, asserting that there was no evidence of enticement of the child or of kidnapping. We do not agree.

(a) "A person commits enticing a child for indecent purposes when he solicits, entices, or takes any child under the age of 14 to any place whatsoever for the purpose of child molestation or indecent purposes . . ." Code Ann. § 26-2020. The appellant argues that there was no proof of enticement because he did not *lure* the victim anywhere and that no actual *attempt* to do an indecent act was proved under the criminal attempt statutes. (Code Ann. § 26-1001 et. seq.)

The evidence, when viewed in the light most favorable to the prosecution, shows that the appellant performed two acts of enticement. First, by stopping when he saw the children in a manner

suggesting that he might be interested in buying the pickled peppers they were selling, appellant attracted the children to his van where he asked them if they knew anyone who took dirty pictures. Then, as the children started home, the appellant drove off in the opposite direction, turned around and came back and invited the victim to get in the van. Although he told the victim he was going to take her home, his real reason for enticing her into his van was for indecent purposes; this was established by his subsequent request that she pose for pornographic photographs.

The offense of enticing does not require that the lewd act be accomplished or even attempted, merely that it was intended as motivation for the enticement. Thus, the standards for proving criminal attempt set forth in Code Ann. Ch. 26-10 are not applicable. In view of the fact that the appellant was the only witness who did not testify that he lured the victim to his van by showing interest in buying her peppers and persuaded her to get in under the pretense that he would take her the short distance home, we conclude that a rational trier of fact could reasonably have found him guilty beyond a reasonable doubt of enticing a child for indecent purposes. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Roman v. State,* 155 Ga. App. 355 (4) (271 SE2d 21) (1980). Accord, *Dennis v. State,* 158 Ga. App. 142 (2) (279 SE2d 275) (1981).

(b) The evidence also authorized the jury to find that the appellant committed the offense of kidnapping as charged in the indictment and defined to the jury by the trial court, to wit: ". . . when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." Code Ann. § 26-1311 (a). Although appellant now argues that there was an inadequate showing of abduction because abduction implies a use of force which was not present here, the record discloses that the trial judge did not charge the subsection (b) elements of kidnapping (which include force) when appellant objected to such a definition. The victim testified that she *willingly* entered the van for the appellant to take her home but that he refused to stop when she pointed out her house and told him to let her out, taking her instead to a lake some distance away. When he finally let her out of the van, it was not at her home or even near enough so that she could get home by herself. At no time did the victim agree, consent or wish to go anywhere except to her own house. The credibility of the witnesses is the jury's province and this testimony was sufficient evidence of kidnapping by stealing away and holding the victim against her will. *Rubiano v. State,* 147 Ga. App. 142 (2) (248 SE2d 207) (1978).

2. The appellant challenges the admission of testimony of a deputy sheriff as to what the victim's mother told him the victim had

said. Conceding that this evidence was allowed as being illustrative of the officer's subsequent investigation under Code Ann. § 38-302, appellant nevertheless takes exception to its introduction on the grounds that (a) it was not limited to the fact of the conversation but went into details and particulars of what was said; (b) it involved double hearsay; and (c) there was no sufficient limiting instruction to guide the jury in considering the evidence.

(a) "Although the better practice is to bring out the fact of the conversation without relating the exact words used, where the details are given there is no reversible error unless the words are prejudicial." *Arnold v. State,* 236 Ga. 534, 537 (224 SE2d 386) (1976). "In fact, the prejudicial nature of such evidence is largely irrelevant unless the testimony offends some other rule of evidence . . ." *Mooney v. State,* 243 Ga. 373, 393 (254 SE2d 337) (1979). Appellant does not contend that the details of the conversation objected to put his character in evidence or violated any other rule of evidence; therefore, admission of this testimony was not reversible error. Accord, *Garrett v. State,* 153 Ga. App. 366 (2) (265 SE2d 304) (1980); *Lord v. State,* 157 Ga. App. 104 (1) (276 SE2d 153) (1981).

(b) Since the testimony was not admitted for proof of out-of-court statements but as primary evidence to explain the officer's conduct, it was not hearsay; whether or not it was "double hearsay" is immaterial so long as a relevant investigation resulted from the conversation. "Review of the record also reveals that these same facts were testified to, without objection, by other witnesses. There was no error in admitting this testimony." *Decker v. State,* 139 Ga. App. 707, 711 (229 SE2d 520) (1976); *Henry v. State,* 154 Ga. App. 120 (267 SE2d 653) (1980).

(c) "It is well recognized that when evidence is admitted for one purpose, as it was in this case, it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, *in the absence of a request to so instruct the jury." Harrell v. State,* 241 Ga. 181, 186 (243 SE2d 890) (1978); *Tankersly v. State,* 155 Ga. App. 917 (7) (273 SE2d 862) (1980). Although no such request was made here, the trial court did in fact state before the jury that this testimony was only to explain conduct.

3. Appellant's original enumerations of error raise the issue that the two offenses for which he was convicted merged as a matter of law and fact and that it was therefore error for the trial judge to sentence him for both crimes. Under Code Ann. §§ 26-505 and 26-506 "although a defendant may be *prosecuted* for all crimes committed, he may not be convicted of more than one crime if the crimes charged are the same in law *or* fact." *Pryor v. State,* 238 Ga. 698, 700 (234 SE2d 918) (1977). We conclude that while the charges of kidnapping and

enticing a child for indecent purposes can be closely related, neither crime is included in the other here as a matter of law or fact.

The elements of kidnapping alleged in the indictment under Code Ann. § 26-1311 (a) include the taking of *any person* without authority and the *holding* of that person *against his will.* Enticing a child under Code Ann. § 26-202 involves luring *a child under the age of 14,* with or without lawful authority, to any place *for the purpose of indecent acts.* Each offense clearly has elements not contained in the other and the laws were obviously designed to prohibit two evils and to protect two values — one of freedom, the other of morals. Thus, it is plain that one offense cannot be "established by proof of the same or less than all the facts or a less culpable mental state" of the other so as to be included in one another and merge as a matter of fact under Code Ann. § 26-505 (a). *State v. Estevez,* 232 Ga. 316 (1) (206 SE2d 475) (1974). Accord, *Butler v. State,* 239 Ga. 591 (3) (238 SE2d 387) (1977); *Williams v. State,* 156 Ga. App. 481 (1) (274 SE2d 826) (1980).

In the instant case the enticing occurred through the appellant persuading the victim to approach his van and get in willingly under the ruse he would take her home when he really intended to show her a book of "dirty pictures" and ask her to pose for such photographs. The kidnapping ensued when he drove the little girl past her house despite her pleas to stop, drove out in the countryside to a lake where he stopped to pursue his true intentions, and finally dropped her off in a commmunity too far from her home for her to get back by herself after she refused all his indecent offers. Appellant's arguments to the effect that the taking by enticement or force was included in the abduction are without merit.

4. The appellant's final amended enumeration asserts that the trial judge erred in sentencing him under provisions of the habitual offender statute (Code Ann. § 27-2511) without first procuring a jury determination that he in fact had two prior convictions as alleged in the indictment. By an answer to the "State's Response to Appellant's Second Supplemental Brief" appellant also argues that the state failed to allege previous convictions in Count I of the indictment (kidnapping) and that, therefore, the sentencing (twenty years in confinement on the first count and twenty years to be served consecutively on the second count with the last ten years on probation) was illegal.

The early jury-sentencing cases relied upon by appellant, *Hines v. State,* 26 Ga. 614 (1) (1869); *Winston v. State,* 186 Ga. 573 (198 SE 667) (1938); *Davis v. Kirkland,* 1 Ga. App. 5 (58 SE 209) (1907), are factually inapposite and have in any event been superceded by the enactment of the mandatory sentencing procedures set forth in

Ga. L. 1974, pp. 352, 357 (Code Ann. § 27-2503). This provision requires the judge in non-death penalty cases where a guilty verdict is returned to dismiss the jury and conduct a presentence hearing wherein "the judge shall hear additional evidence in . . . aggravation of punishment, including the record of any criminal convictions and pleas of guilty . . ." The appellant does not contend that the presentence hearing held here was not in compliance with the statutory provisions nor did he object at the time to the manner in which the hearing was held or demand that the issue be submitted to the jury. Where the evidence of the defendant's prior convictions is properly tendered and admitted without objection, "a subsequent review of that phase is eliminated." *Bradshaw v. State,* 145 Ga. App. 664, 665 (244 SE2d 600) (1978). See also *Favors v. State,* 145 Ga. App. 864 (5) (244 SE2d 902) (1978); *Chapman v. State,* 154 Ga. App. 532 (4) (268 SE2d 797) (1980). We find no error for any reason assigned.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JULY 14, 1981 —

*S. Phillip Brown, Fred M. Hasty,* for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.