72548. MORRIS v. THE STATE.
(345 SE2d 686)

BANKE, Chief Judge.

Morris appeals his convictions of enticing a child for indecent purposes (OCGA § 16-6-5) and simple battery (OCGA § 16-5-23).

The 12-year-old victim testified that, while she was at a lake with her 2-year-old brother, a man grabbed her by the wrist, pulled her to her feet, looked at her "private place," turned her around, and stated, "This looks mighty fine." She said the man then showed her a prophylactic and told her to open it, which she refused to do. He then pushed her backward toward his car, a distance of approximately 65 paces. The victim kicked and scratched the assailant and was thereby able to free herself. She then picked up her brother and ran home. Her family subsequently reported the incident to the police, and the girl was thereafter able to identify the perpetrator's car. After a license check revealed that the car was registered to appellant, she identified him from a photographic display arranged by police. Appellant testified that he was not present at the lake on the day in question and that he had never seen the victim prior to trial. *Held*:

1. Appellant enumerates as error the trial court's refusal to charge the jury on the offense of criminal attempt. "An attempt to commit a crime consists of three elements: first, the intent to commit the crime; second, the performance of some overt act towards the commission of the crime . . . , and third, a failure to consummate its commission. [Cit.]" *Howell v. State*, 157 Ga. App. 451 (4) (278 SE2d 43) (1981). A person commits the offense of enticing a child for indecent purposes when he solicits, entices, or takes any child under the age of 14 to any place for the purpose of child molestation or indecent acts. OCGA § 16-6-5. It is "not require[d] that the lewd act be accomplished or even attempted, merely that it was intended as motivation for the enticement. Thus, the standards for proving criminal attempt set forth in [OCGA § 16-4-1] are not applicable." *Peavy v. State*, 159 Ga. App. 280, 282 (283 SE2d 346) (1981). Accordingly, there was no error in refusing to give appellant's requested charge on criminal attempt.

2. Appellant asserts that the trial court erroneously failed to charge the jury on the rebuttable presumptions that the acts of a sound person are wilful (OCGA § 16-2-4) and that a sound person

intends the natural and probable consequences of his acts (OCGA § 16-2-5). It is difficult to fathom how the court's failure to give these charges could have been harmful to the appellant. In any event, no request was made of the trial court to charge the two provisions, nor did appellant except to the omission when asked by the court if there were any objections. "[A]ppellant has waived his right to enumerate error by failing to respond to the court's inquiry on any objections to the charge." *White v. State*, 243 Ga. 250, 251 (253 SE2d 694) (1979). See also *Hill v. State*, 246 Ga. 402, 408 (271 SE2d 802) (1980).

3. The appellant's fourth enumeration of error involves matters raised for the first time on appeal. It is well settled that issues not raised in the court below will not be considered by this court. *Cherry v. State*, 174 Ga. App. 145 (5) (329 SE2d 580) (1985).

4. Appellant attacks his conviction for enticing a child based on the state's alleged failure to prove the asportation element of the crime. In *Craighead v. State*, 126 Ga. App. 300, 301 (190 SE2d 606) (1972), we defined the asportation element of the offense of theft as follows: "Any unlawful asportation, however slight . . . is sufficient to show the 'taking' element." This same definition was later applied to the crime of kidnapping in *Brown v. State*, 132 Ga. App. 399, 402 (208 SE2d 183) (1974). In the present case, we hold that the pushing of the victim a distance of approximately 65 paces was amply sufficient to satisfy the asportation element of OCGA § 16-6-5. We further hold that the evidence was sufficient for a rational trier of fact to find appellant guilty of this offense beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. Appellant contends that OCGA § 16-6-5 is unconstitutional on equal protection grounds in that it does not require corroboration of the victim's testimony, whereas to prove the offense of statutory rape (OCGA § 16-6-3), corroboration is required. We note that OCGA § 16-6-5 has previously withstood constitutional attack on other grounds. See *Barnes v. State*, 244 Ga. 302, 305 (260 SE2d 40) (1979). The present attack is not subject to appellate review because it was not raised at the trial level. See *Arp v. State*, 249 Ga. 403 (291 SE2d 495) (1982).

6. Appellant asserts that the conviction of simple battery should be set aside because it merged with the conviction of enticing a child.

"In determining whether a crime is established by proof of the same or less than all the facts required to establish the commission of another crime within the meaning of [OCGA § 16-1-6], [cits.], [we] 'look to the actual evidence introduced at trial . . . [I]f the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under [OCGA § 16-1-6].' [Cit.]" *Haynes v. State*, 249 Ga. 119, 120 (288 SE2d 185) (1982).

In the present case, the evidence used to establish the offense of simple battery was to the effect that appellant grabbed the victim by the wrist and pulled her to her feet, causing her physical pain. The subsequent enticement for indecent purposes was established by appellant's sexually suggestive remarks and glances directed at the victim, his handing her a prophylactic with orders to open it, and his pushing her backwards toward his car. Approximately 10 to 20 minutes elapsed from the initial grabbing until the victim was able to free herself. We hold that the jury was authorized to conclude under these circumstances that two separate and distinct offenses were committed. See generally *Pryor v. State*, 238 Ga. 698 (1) (234 SE2d 918) (1977).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 28, 1986.

*David B. Irwin*, for appellant.
*Robert F. Mumford, District Attorney, William F. Todd, Jr., Assistant District Attorney*, for appellee.