BOWEN, Presiding Judge,
dissenting.
I dissent from that portion of the majority opinion reversing and rendering one of the appellant’s three convictions for enticing a child.
The majority reverses because the appellant “did not ask the child or her sister to do anything before or after he showed them these [sexually explicit] pictures.” The majority finds no evidence that the appellant made any sexual proposal to the children after he enticed them into his house. By such reasoning, the majority adds an additional element over and above what is required by statute to establish a prima facie case of enticement.
Section 13A-6-69 provides that “[i]t shall be unlawful for any person with lascivious intent to entice, ... any child under 16 years of age to enter any vehicle, room, ... for the purpose of proposing to such child the performance” of sexual acts. That section does not require that the proposal be communicated by verbal expression or that the proposal be manifested in any particular form or fashion. All that is required is that the enticement was “for the purpose of proposing” to the child certain sexual or forbidden acts. The statute does not even require any communication or expression of the proposal, so that the crime condemned by § 13A-6-69 is complete if the enticement is completed with a certain intent and purpose even if. that purpose is never attempted or fulfilled. “The offense of enticing does not require that the lewd act be accomplished or even attempted, merely that it was intended as motivation for the enticement.” Peavy v. State, 159 Ga.App. 280, 283 S.E.2d 346, 349 (1981).
Here, the showing of the sexually explicit photographs was not only evidence of the appellant’s intent to make a sexual proposal to the children but, at least, the beginning of the proposal itself. “Child molesters will frequently show sexually explicit pictures of adults to children for the purpose of convincing a child that certain practices are perfectly acceptable because adults engage in them with some frequency.” Attorney General’s Commission on Pornography, Final Report, July, 1986, United States Department of Justice, p. 411, n. 74.
“There has also been a growing awareness of the connection between the use of general pornographic material and the sexual exploitation of children. Investigators and behavioral scientists have discovered that many Preferential Child Molesters [pedophiles] will use ‘mainstream’ pornographic materials to lower the inhibitions of children. This portion of the ‘seduction process’ may also involve the use of pornography as an instructional tool, since the molester will ask the child to pose as the performers have depicted, or ask the child to engage in the activities that are depicted (Hearings before the Attorney General’s Commission on Pornography).” National Center For Missing And Exploited Children, Child Pornography and Prostitution, Background and Legal Analysis p. 4 (October 1987).
In Langham v. State, 494 So.2d 910, 916 (Ala.Cr.App.1986), this Court held that “sexually explicit materials, including magazines, films and pictures, tended to shed light on the issue of intent in reference to the enticement charges, and therefore were relevant.”
I find that the State presented a prima facie case of enticement and would affirm this conviction along with the other convictions.