A98A0413, A98A0435. THE STATE v. KENNEY et al. (two cases).
(503 SE2d 585)

RUFFIN, Judge.

In a two-count accusation, the State charged Jane Kenney and James Kenney with prostitution (Count 1) and James Kenney with pimping (Count 2). The trial court sustained the Kenneys' special demurrers to both counts. In Case No. A98A0413, the State asserts that the trial court erred in sustaining the Kenneys' special demurrer to Count 1, and in Case No. A98A0435 the State asserts that the trial court erred in sustaining James Kenney's special demurrer to Count 2. For reasons which follow, we reverse both cases.

The special demurrer at issue here challenges the form of the accusation. *Dunbar v. State*, 209 Ga. App. 97, 98 (2) (432 SE2d 829) (1993). " 'The requisite of a good indictment, as to form, is that the offense with which the defendant is charged be so stated as to give him ample opportunity to prepare his defense.' [Cit.]" *State of Ga. v. Williams*, 247 Ga. 200, 202 (1) (B) (275 SE2d 62) (1981).

*Case No. A98A0413*

1. "A person commits the offense of prostitution when he performs or offers or consents to perform an act of sexual intercourse for money." OCGA § 16-6-9. In Count 1 of the accusation, the State charged Jane and James Kenney "with the offense of PROSTITUTION for that the said accused, in [Barrow County, Georgia], on or about November 21, 1996, did unlawfully, offer to perform and consent to perform an act of sexual intercourse with another person for money, contrary to the laws of said State, the good order, peace and dignity thereof." The Kenneys' demurrer to Count 1 alleged that the accusation was fatally defective because it did not specify (a) the identity of the person they allegedly solicited for prostitution (b) what act of sexual intercourse they offered to perform or (c) who made the offer to perform sexual intercourse.

(a) As a general rule, if an accusation charges the defendant with committing a crime against a person, the injured person should be identified in the accusation. See *Arrington v. State*, 160 Ga. App. 645, 646 (2) (288 SE2d 97) (1981), citing *Irwin v. State*, 117 Ga. 722 (2) (45 SE 59) (1903); see also 42 CJS 419, Indictments & Informations, § 105. However, where the identity of a person related to the crime is not a material part of the crime charged, the State is not required to name the person in the accusation. See id.; *Arrington*, supra. Thus we have held that, in an accusation for gaming, the State is not required to name those who participated in the illegal game with the defendant. See *Day v. State*, 70 Ga. App. 819, 820 (29 SE2d 659) (1944), citing *Hicks v. State*, 16 Ga. App. 228 (84 SE 837) (1915). We have similarly held that an indictment for selling intoxicating liquor "'need not, even as against a special demurrer, allege the name of the person to whom the liquor is charged to have been sold, given or furnished.' [Cit.]" *Day*, supra at 821. And, more on point, "in an accusation for soliciting for a prostitute the gist of the offense is the harm done society by such unlawful solicitation, and not an injury to the individual solicited." Id. at 820. Accordingly, when charging such an offense, the State is not required to name the person solicited for prostitution. Id. at 820-821. Though we believe that the better practice is for the State to identify such individuals in the indictment, the failure to name them does not materially prejudice the defendant's ability to prepare his defense since they are only collaterally involved in the alleged offense. See id. We thus conclude that the State's failure to name the person solicited in this case was not a ground for sustaining the Kenneys' demurrer to Count 1.

(b) We also find that it is not necessary for an accusation to specify the type of sexual intercourse a defendant is charged with selling. Although the term "sexual intercourse" has been held to include

more than "sexual intercourse in the [regular] way," *Price v. State*, 76 Ga. App. 108, 111 (45 SE2d 84) (1947), see also *Allen v. State*, 170 Ga. App. 96 (1), 97 (2) (316 SE2d 500) (1984), it is not such a generic term that an accused is left speculating about what illicit conduct he or she has been charged with committing. Cf. *Military Circle &c. v. State*, 181 Ga. App. 657, 658 (1) (a) (353 SE2d 555) (1987) (accusation which merely used generic term "neglect" in charging a violation of the cruelty to animal statute must specify the manner in which defendants were negligent), rev'd on other grounds, 257 Ga. 388 (360 SE2d 248) (1987). Furthermore, in many cases the evidence supporting the prostitution charge may not indicate which specific type of sexual intercourse is being offered by the defendant, only that the defendant generally offered to have sexual intercourse for money. See, e.g., *Ross v. State*, 214 Ga. App. 697, 698 (448 SE2d 769) (1994) (although defendant did not offer to perform a specific act of sexual intercourse, evidence was sufficient where it showed that she solicited $200 from an officer, undressed, placed a bag of condoms and rubber gloves on a nightstand and acquiesced when the officer stated " '[l]et's get busy' "); see also *Berman v. State*, 191 Ga. App. 231 (1) (381 SE2d 316) (1989). Accordingly, we conclude that the State's failure to specify the type of sexual intercourse in the Kenneys' accusation was not a proper ground for sustaining their special demurrer.

(c) Finally, as to Count 1, we disagree with the Kenneys that the accusation fails to specify who made the offer to perform sexual intercourse. The accusation clearly charges that they both offered to perform sexual intercourse for money. Whether there is evidence supporting such a charge is a matter to be resolved by the factfinder at trial.

Accordingly, we conclude that the trial court erred in sustaining the Kenneys' special demurrer to Count 1 of the accusation.

### Case No. A98A0435

2. A person commits the offense of pimping when he "[o]ffers or agrees to arrange a meeting of persons for the purpose of prostitution." OCGA § 16-6-11 (2). In Count 2 of the accusation, the State charged James Kenney "[w]ith the offense of PIMPING for that the said accused, in [Barrow County, Georgia], on or about November 21, 1996, did unlawfully, offer and agree to arrange a meeting of persons, to wit: Jane Velma Kennedy (sic) and another person, for the purpose of prostitution, contrary to the laws of said State, the good order, peace and dignity thereof."[1] James Kenney alleged that Count 2 was

---

[1] James Kenney did not raise the apparent misspelling of Jane Kenney's name as a ground for his demurrer to Count 2.

fatally defective because it did not specify the type of prostitution act he offered to arrange or the person who was supposed to meet with Jane Kenney.

We addressed both these grounds in subdivisions 1 (a) and (b), and for the reasons discussed therein, we conclude that the trial court erred in granting James Kenney's special demurrer to Count 2 of the accusation.

*Judgments reversed. Pope, P. J., and Beasley, J., concur.*

DECIDED MAY 28, 1998 —
RECONSIDERATION DENIED JULY 8, 1998 — ■

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellant.

*William D. Healan, Jr., William D. Healan III*, for appellees.