## A00A0606. DENNARD v. THE STATE.
(534 SE2d 182)

RUFFIN, Judge.

Samuel Kevin Dennard was indicted for attempted child molestation, attempted statutory rape, attempting to entice a child for indecent purposes, and attempted sexual exploitation of children.

Dennard filed general and special demurrers to the indictment, asserting that the various counts failed to allege the commission of any crime and were imperfect in form. The trial court overruled the demurrers, and we granted Dennard's application for interlocutory review. For reasons discussed below, we hold that the trial court properly overruled Dennard's general demurrers but erred in overruling his special demurrers.

Although our decision turns on the language of the indictment, we set forth briefly the relevant facts as they appear in the record. Dennard placed a message on an Internet newsgroup site stating that he was looking for girls between the ages of 15 and 18 who were interested in asphyxiation, strangulation, smothering, drowning, and hanging. Sergeant Darin Meadows responded to this inquiry, pretending to be a 15-year-old girl named "Shari." Dennard and Shari exchanged a series of messages over the Internet, in which Dennard indicated that he was interested in a sexual relationship involving asphyxiation. During this correspondence, Dennard expressed his concern that, because Shari was underage, they needed to be careful. Dennard and Shari also exchanged photographs of each other.

In late November 1998, Dennard and Shari began discussing meeting at a local mall. During these conversations, Dennard indicated that he wanted to smother Shari with a chloroform-soaked pillow until she passed out and then have sex with her. On November 24, Dennard arranged to meet Shari at the mall the next day. Dennard stated that he wanted to take Shari to his house and make a videotape of him asphyxiating her and having sex with her while she was unconscious. Dennard stated that he would have a Sprite and a flower when he met Shari at the mall. The next morning, Dennard sent Shari an e-mail confirming their meeting and describing the clothes he would be wearing. Sgt. Meadows and other officers arrested Dennard at the mall, where he was holding a Sprite and a rose in his hand. Following the arrest, Meadows obtained a search warrant for Dennard's home, where he found a large amount of child pornography and a photograph of "Shari" that Meadows had sent him over the Internet.

In two enumerations, Dennard argues that the trial court erred in overruling his general and special demurrers to the indictment. "A general demurrer challenges the sufficiency of the *substance* of an indictment,"[1] and:

[t]he true test of the sufficiency of an indictment to with-

---

[1] (Punctuation omitted; emphasis in original.) *Dunbar v. State*, 209 Ga. App. 97, 98 (2) (432 SE2d 829) (1993).

stand a general demurrer, or a motion to quash, is found in the answer to the question: Can the defendant admit the charge as made and still be innocent? If he can, the indictment is fatally defective.[2]

If the indictment states the offense "in the terms and language" of the relevant Code section or "so plainly that the nature of the offense charged may easily be understood by the jury," it "shall be deemed sufficiently technical and correct."[3]

A special demurrer, by contrast, attacks the *form* of an indictment.[4] With respect to special demurrers,

[t]he true test of the sufficiency of the indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. It is useful to remember that the purpose of the indictment is to allow defendant to prepare his defense intelligently and to protect him from double jeopardy.[5]

Where an accused raises the issue by the timely filing of a special demurrer, he is entitled to an indictment perfect in form and substance.[6]

1. *General demurrers.*

(a) Count 1 of the indictment, charging Dennard with attempted child molestation, alleges that he took a "substantial step" toward the commission of the crime by "engaging in sexually explicit conversations via computer and driving to Houston [C]ounty to an arranged meeting place," with the desire to arouse and satisfy his own desires and the desires of the child. Dennard asserts that the indictment is subject to general demurrer on this count because attempted child molestation cannot be committed except in the physical presence of the intended victim. Because the indictment does not allege such

---

[2] (Punctuation omitted.) *Jenkins v. State*, 121 Ga. App. 103, 104 (1) (172 SE2d 845) (1970).

[3] OCGA § 17-7-54 (a).

[4] *Dunbar*, supra.

[5] (Citations, punctuation and emphasis omitted.) *Snider v. State*, 238 Ga. App. 55, 58 (2) (516 SE2d 569) (1999).

[6] *King v. State*, 176 Ga. App. 137, 139 (2) (335 SE2d 439) (1985). See also *Wilcox v. State*, 229 Ga. App. 227, 231 (2) (493 SE2d 724) (1997).

physical presence, Dennard contends that it is fatally defective.

Dennard relies primarily on *Vines v. State*,[7] in which the Supreme Court held that the offense of child molestation could not be committed over the telephone but only in the presence of the child. In *Vines*, the Supreme Court noted that:

> OCGA § 16-6-4 (a) provides that the crime of "child molestation" is committed when a person "does any immoral or indecent act *to or in the presence of or with any child under the age of 16 years* with the intent to arouse or satisfy the sexual desires of either the child or the person."[8]

Applying the rule that criminal statutes must be construed strictly against criminal liability, the Court held that "the State [must] prove that the victim and accused were together in order for the crime of 'child molestation' to be committed."[9]

Dennard argues that, because physical presence is necessary to prove the completed crime of child molestation, it is also necessary to prove the crime of attempted child molestation. However, a person is guilty of criminal attempt if "with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime."[10] "The fact that further steps must be taken before the crime can be completed does not preclude . . . a finding that the steps already undertaken are substantial."[11] Thus, the mere fact that physical presence is an element of the completed crime does not mean that it is indispensable in proving criminal attempt. The relevant question is whether the acts alleged in the indictment constitute a substantial step toward the commission of the crime.

To constitute a substantial step, an act must be one that is:

> done in pursuance of the intent, and more or less directly tending to the commission of the crime. In general, the act must be inexplicable as a lawful act, and must be more than mere preparation. Yet it can not accurately be said that no preparations can amount to an attempt. It is a question of degree, and depends upon the circumstances of each case.[12]

---

[7] 269 Ga. 438 (499 SE2d 630) (1998).

[8] Id.

[9] Id. at 439.

[10] OCGA § 16-4-1.

[11] (Punctuation omitted.) *Smith v. State*, 189 Ga. App. 27, 30 (1) (375 SE2d 69) (1988).

[12] (Punctuation omitted.) *Groves v. State*, 116 Ga. 516, 517-518 (42 SE 755) (1902). See also *Wittschen v. State*, 259 Ga. 448-449 (383 SE2d 885) (1989).

The phrase "inexplicable as a lawful act" does not mean that the act itself must be unlawful. "Rather, it means that the act, in light of previous acts, constitutes a substantial step toward the commission of a crime."[13]

In *Howell v. State*,[14] we discussed the purpose of the "substantial step" requirement:

> It is intended that the requirement of a substantial step will result in the imposition of attempt liability only in those instances in which some firmness of criminal purpose is shown. In addition to assuring firmness of purpose, the requirement of a substantial step will remove very remote preparatory acts from the ambit of attempt liability and the relatively stringent sanctions imposed for attempts. On the other hand, by broadening liability to the extent suggested, apprehension of dangerous persons will be facilitated and law enforcement officials and others will be able to stop the criminal effort at an earlier stage thereby minimizing the risk of substantive harm without providing immunity to the offender.[15]

Thus, the "substantial step" requirement is intended to (1) ensure firmness of the defendant's criminal intent, (2) insulate from liability "very remote preparatory acts," and (3) allow for apprehension of offenders at an early stage without providing immunity for their actions.

In this case, the indictment alleged that Dennard took a substantial step toward commission of the crime of child molestation by (1) engaging in sexually explicit conversations over the Internet and (2) driving to an arranged meeting place. Contrary to Dennard's assertions, we cannot say as a matter of law that such actions cannot constitute a substantial step toward commission of the crime. As noted above, what constitutes a substantial step " 'is a question of degree, and depends upon the circumstances of each case.' "[16] Moreover, the substantial step is to be considered "in light of previous acts."[17] Whether proceeding to the arranged meeting place constituted a substantial step will depend, among other things, upon the "firmness" of Dennard's criminal intent, which can be established only at trial. Accordingly, we cannot say that the indictment is

---

[13] (Punctuation omitted.) Id. at 449.
[14] 157 Ga. App. 451 (278 SE2d 43) (1981).
[15] (Punctuation omitted.) Id. at 456 (4).
[16] *Groves*, supra; *Wittschen*, supra.
[17] Id.

fatally defective in that it fails to allege the commission of a crime.

(b) Dennard makes the same argument with respect to Count 2 of the indictment, which charged him with attempted statutory rape. This count alleges that Dennard:

> did attempt to commit the crime of Statutory Rape, engaging in sexual intercourse with a person under the age of sixteen (16), who is not the accused's spouse, by taking the substantial step of discussing engaging in sexual intercourse via computer and driving to Houston County to an arranged meeting place for the purpose of engaging in sexual intercourse.

Dennard's argument fails for the same reasons discussed in Division 1 (a). Because we cannot say as a matter of law that going to an arranged meeting place for the purpose of committing statutory rape is not a substantial step toward the commission of the offense, the indictment is not fatally defective for failure to allege the commission of a crime.

(c) Count 3 of the indictment charged Dennard with attempting to commit the offense of enticing a child for indecent purposes. A person is guilty of this offense if he "solicits, entices, or takes any child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts."[18] This count alleged that Dennard took a substantial step toward the commission of such offense "in that he arranged a meeting via the internet with a child under 16 years of age, to come to a place, for the purpose of child molestation or engaging in an indecent act, to wit: strangulation, sex acts, taking a picture and videotape of such acts."

Dennard argues that this count of the indictment is fatally defective because it fails to allege asportation, which is an essential element of the crime of enticing a child for indecent purposes.[19] As discussed above, however, the fact that something is an element of the completed offense does not mean that it is an element of the offense of criminal attempt. The relevant question is whether the defendant took a substantial step toward the commission of a crime. With respect to the crime of enticing a child for indecent purposes, it is immaterial whether the asportation element is achieved through the use of "physical force, enticement, or persuasion."[20] Thus, if the intended victim had responded to Dennard's enticement by proceeding to the arranged meeting place, the element of asportation would

---

[18] OCGA § 16-6-5 (a).
[19] See *Cimildoro v. State*, 259 Ga. 788, 789 (1) (387 SE2d 335) (1990).
[20] Id.

have been satisfied. Although the indictment does not allege actual asportation, it does allege that Dennard arranged to meet the victim for the purpose of committing indecent acts. Accordingly, we cannot say that the indictment fails to allege the taking of a substantial step toward the commission of the crime.

*Morris v. State*,[21] cited by Dennard, does not require a different result. In that case, a defendant pushed a child a distance of 65 feet toward his car in an attempt to commit child molestation, but the victim escaped before the act could be consummated. The defendant was convicted of enticement and appealed the trial court's refusal to charge on criminal attempt. We affirmed, stating that "[i]t is not required that the lewd act be accomplished or even attempted, merely that it was intended as motivation for the enticement. Thus, the standards for proving criminal attempt set forth in OCGA § 16-4-1 are not applicable."[22]

Contrary to Dennard's suggestion, *Morris* does not stand for the proposition that a person may not be convicted of criminal attempt to entice a child for indecent purposes. Rather, *Morris* recognizes that, where the elements of asportation and intent are satisfied, the fact that the defendant does not actually commit the indecent act does not reduce the offense to criminal attempt.[23] The crime is complete when the defendant asports the victim with the *intent* to commit an indecent act, regardless of whether the act is actually committed. Where, however, the defendant attempts to entice a child but is unsuccessful with respect to the asportation element, the defendant is properly charged with criminal attempt.

(d) Count 4 of the indictment charged Dennard with attempted sexual exploitation of children. This crime is set forth in OCGA § 16-12-100, which provides, among other things, that "[i]t is unlawful for any person knowingly to employ, use, persuade, induce, entice, or coerce any minor to engage in or assist any other person to engage in any sexually explicit conduct for the purpose of producing any visual medium depicting such conduct."[24] In this count, the indictment alleged that Dennard took:

> a substantial step toward the commission of the crime of Sexual Exploitation of Children, knowingly persuading, inducing, enticing a minor, to engage in sexually explicit conduct, for the purpose of producing videotape and photographs depicting such conduct, by engaging in sexually

---

[21] 179 Ga. App. 228 (1) (345 SE2d 686) (1986).
[22] (Punctuation omitted.) Id.
[23] See also *Peavy v. State*, 159 Ga. App. 280, 282 (1) (a) (283 SE2d 346) (1981).
[24] OCGA § 16-12-100 (b) (1).

explicit conversations, and making plans to meet for the purpose of videotaping and photographing such acts and driving to Houston County.

For the same reasons discussed above, we believe that the indictment properly alleged that Dennard took a substantial step toward the commission of the crime by making arrangements to meet the victim for the purpose of violating the statute and by proceeding to the meeting place. Although Dennard contends that there is no evidence he in fact possessed any video equipment at the time he was arrested, that is a matter properly addressed at trial and does not go to the sufficiency of the indictment.

(e) Dennard also argues that the recent enactment of the Computer Pornography & Child Exploitation Prevention Act of 1999, OCGA § 16-12-100.2, shows a legislative intent that his actions do not constitute a felony. Under the act, effective July 1, 1999, a person commits a high and aggravated misdemeanor when he:

intentionally or willfully . . . utilize[s] a computer on-line service, Internet service, or local bulletin board service to seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice a child or another person believed by such person to be a child, to commit any illegal act described in Code Section 16-6-2, relating to the offense of sodomy or aggravated sodomy; Code Section 16-6-4, relating to the offense of child molestation or aggravated child molestation; Code Section 16-6-5, relating to the offense of enticing a child for indecent purposes; or Code Section 16-6-8, relating to the offense of public indecency; or to engage in any conduct that by its nature is an unlawful sexual offense against a child.[25]

This act did not become effective, however, until several months after Dennard committed the acts for which he is charged. Generally, "[a] defendant should be tried in accordance with the law in effect at the time the offense occurred."[26] "[W]here a crime is committed on a certain date, the penalty which attached to the crime on that date is the penalty exacted by our law."[27] The exception to this rule, however, is that "[w]hen a statute making described conduct a crime is repealed prior to final judgment on a conviction, the repeal ends the

---

[25] OCGA § 16-12-100.2 (d) (1).
[26] *Henson v. State*, 205 Ga. App. 419, 420 (3) (a) (422 SE2d 265) (1992).
[27] *Barton v. State*, 81 Ga. App. 810, 814 (3) (60 SE2d 173) (1950). See also *State v. Williams*, 172 Ga. App. 708, 709 (2) (324 SE2d 557) (1984).

prosecution if the legislature has not provided otherwise in a saving clause."[28]

Although the enacting legislation contained the usual language that "[a]ll laws and parts of laws in conflict with this Act are repealed," there is no indication that the legislature intended to repeal any of the statutes under which Dennard was charged.[29] Indeed, Dennard does not assert that the new statute repealed any existing laws. Rather, he claims that enactment of the new statute shows that the legislature recognized that none of the conduct proscribed by the statute was illegal under existing law. Contrary to Dennard's assertion, however, it appears that the legislature intended to create a new type of crime — i.e., use of a computer for certain sexual purposes — *regardless* of whether such conduct was proscribed under any other statute, not because such conduct was *not* proscribed. To the extent that a defendant's conduct before the effective date of the statute violated criminal statutes already in existence, there is no indication that the legislature intended to prevent prosecution under such statutes simply because the defendant utilized a computer in the commission of the crime.

2. *Special demurrers.* In his special demurrers, Dennard demurred to each count of the indictment on the ground that it failed to set forth the name of the alleged victim. On appeal, he argues that the trial court erred in denying his special demurrers on this basis. We agree.

We have previously held that "[a]n accused is entitled to an indictment or accusation perfect in form as well as substance if he timely raises the question in writing on special demurrer."[30] In *Irwin v. State*,[31] the Supreme Court held that "[f]or the protection of the accused it is necessary that, in an indictment for an offense against the person of another, the person injured should be referred to by his correct name, if it be known, or by some name by which he is commonly and generally called."[32] Applying this rule, we have held that "[a]s a general rule, if an accusation charges the defendant with committing a crime against a person, the injured person should be identified in the accusation."[33] If, however, the gist of the crime is not an offense against another person, it is not necessary to name the victim. Thus, for example, in a prosecution for soliciting a prostitute, we have held that it is not necessary to name the person solicited, since

---

[28] *Robinson v. State*, 256 Ga. 564, 565 (350 SE2d 464) (1986).
[29] Ga. L. 1999, p. 234, § 3.
[30] *King*, supra; *Wilcox*, supra.
[31] 117 Ga. 722 (2) (45 SE 59) (1903).
[32] Id.
[33] *State v. Kenney*, 233 Ga. App. 298, 299 (1) (a) (503 SE2d 585) (1998).

"the gist of the offense is the harm done society by such unlawful solicitation."[34] Similarly, it is not necessary to name the victim in an indictment for burglary, since that is a crime against property.[35]

In the present case, however, each of the crimes with which Dennard is charged is a crime against a particular person. That Dennard is charged with criminal attempt as opposed to the completed crime does not change this fact, since an attempt to commit an offense against another can be understood only with respect to the particular intended victim. We note that nothing in the indictment indicates that the intended victim was in fact an undercover officer, as opposed to an actual child. Thus, on its face, the indictment charges Dennard with attempting to commit various crimes against an actual unnamed victim, and nothing in the indictment puts him on notice of who that victim is.

If the trial has already occurred before we review the merits of a special demurrer, we will not reverse a conviction in the absence of prejudice to the defendant, since that would amount to "a mere windfall to defendant and contribute[ ] nothing to the administration of justice."[36] Had this case proceeded to trial and verdict under the current indictments, we do not believe that reversal would be necessary due to the failure to name the intended victim, since it is apparent that Dennard understands the nature of the charges against him based on information gleaned from sources other than the indictment itself. However, because we are reviewing the indictment on interlocutory appeal, before any trial, we must apply the rule that a defendant who has timely filed a special demurrer is entitled to an indictment perfect in form and in substance. An indictment alleging a crime against another is not perfect in form if it contains no information as to the alleged victim.[37] Accordingly, we must reverse the trial court's order denying Dennard's special demurrers.

3. Due to our ruling in Division 2, it is unnecessary to address Dennard's remaining contentions, including his contention that the trial court should have granted his motion to suppress evidence.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Ellington, J., concur.*

---

[34] *Day v. State*, 70 Ga. App. 819, 820 (29 SE2d 659) (1944). See also *Kenney*, supra.

[35] *Arrington v. State*, 160 Ga. App. 645, 646 (2) (288 SE2d 97) (1981).

[36] (Punctuation omitted.) *Broski v. State*, 196 Ga. App. 116, 118 (1) (395 SE2d 317) (1990).

[37] See *Irwin*, supra; *Kenney*, supra.

Decided April 28, 2000 —
Reconsideration denied May 11, 2000 — 

*Groover & Childs, Frank H. Childs, Jr., Amy Dever,* for appellant.

*Kelly R. Burke, District Attorney, Katherine E. Kelley, Assistant District Attorney,* for appellee.