## 73947. BLAND v. THE STATE.
### (356 SE2d 704)

McMurray, Presiding Judge.

Defendant was charged by a three-count indictment with the offenses of burglary, aggravated assault (with intent to rape) and robbery (by intimidation). The indictment alleges that each crime was committed against the person or property of "Blossom Henderson." At trial the evidence showed that the three offenses all arose from the same incident in which defendant forced his way into the victim's

home, assaulted the victim and took the cash she had in her purse. The victim testified that her name was Daisy M. Henderson. At the close of the State's evidence defendant moved for a directed verdict of acquittal, contending that a fatal variance existed in that there was no evidence that Blossom Henderson and the victim Daisy M. Henderson were the same person. The trial court denied defendant's motion and defendant was convicted on all three counts. On appeal defendant's sole enumeration of error raises the denial of his motion for directed verdict of acquittal. *Held*:

Contrary to defendant's assertion there is sufficient evidence that Blossom Henderson and Daisy M. Henderson are one and the same person. This may be demonstrated by the testimony of Officer Slocumb of the Monticello Police Department who testified that he was dispatched to "Blossom Henderson's residence," and informed that there had been a burglary and attempted rape. He was also informed to be "on the lookout for a black male, wearing a light blue shirt and a pair of gray shorts." Upon encountering defendant, who matched this description and who had a fresh scratch on his face, Officer Slocumb arrested defendant and proceeded on to Mrs. Henderson's home. The testimony of Officer Slocumb and the victim who identified herself at trial as Daisy M. Henderson is clear that the Mrs. Henderson's at whose house the officer arrived was Daisy M. Henderson. Since the officer had been dispatched to the home of Blossom Henderson some evidence is thus presented that the two names represent the same person. Additionally, there was evidence of another witness regarding an encounter with defendant on the morning of the crimes only forty or fifty yards from the home of Blossom Henderson and testimony by the victim that such encounter was witnessed by her. The evidence was sufficient to enable any rational trier of fact to have found beyond a reasonable doubt that Blossom Henderson and Daisy M. Henderson were the same person. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

We find no fatal variance between the allegations and proof under the criteria adopted in *DePalma v. State*, 225 Ga. 465, 469 (3) (169 SE2d 801). The accused was definitely informed as to the charges against him and we note in connection with the above identity issue that on voir dire defense counsel used Blossom Henderson and Daisy Henderson together and interchangeably to refer to the victim. Clearly, defendant did not go to trial unaware of the identity of the alleged victim. Additionally, we find that defendant stands protected against further prosecution for the involved offenses. See *DePalma v. State*, 225 Ga. 465, 469 (3), supra, and *Jones v. State*, 148 Ga. App. 637 (1) (252 SE2d 65). In the case sub judice, there was sufficient evidence to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of the offenses charged. *Jackson*

*v. Virginia*, 443 U. S. 307, supra; *Keeler v. State*, 181 Ga. App. 208, 209 (1) (351 SE2d 731). Therefore, the trial court did not err in denying defendant's motion for directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED APRIL 14, 1987.

*Shane M. Geeter*, for appellant.
*Joseph H. Briley, District Attorney*, for appellee.