## A03A2103. SELLERS v. THE STATE.

(587 SE2d 276)

Eldridge, Judge.

We granted interlocutory appeal in this criminal case to consider the practice of identifying a minor victim by initials in a charging document. Because this practice does not put a defendant on notice of the particular person against whom the defendant allegedly committed a crime, we conclude that — in a charging instrument challenged pre-trial — the victim's initials are insufficient. Accordingly, we reverse the decision of the court below.

Scotty Sellers was indicted in the Superior Court of Franklin County for aggravated child molestation and child molestation premised upon acts Sellers allegedly committed against a minor child identified in the indictment as "S. C." Sellers specially demurred to the indictment, contending the identification of the victim only by initials "fail[ed] to furnish the Defendant with an indictment perfect in form as required by law." The trial court denied the special demurrer, finding that,

> the indictment is sufficient in form, in that, Defendant is adequately apprized of the identity of the victim that he could not be subsequently prosecuted for offenses against this victim after a decision on the merits in the present case.

*Held*:

An indictment is the method whereby the State initiates a process that may result in imprisonment; as such, an indictment is a charging instrument with serious consequences. For this reason, it has long been the law that "[a defendant] is entitled to [a charging

instrument that is] perfect in form as well as substance."[1] In that regard,

> [f]or the protection of the accused it is necessary that, in an indictment for an offense against the person of another, the person injured should be referred to by his correct name, if it be known.[2]

Here, Sellers specially demurred to the indictment in a timely fashion because of the use of initials in place of the minor victim's name. A special demurrer objects to the form of an indictment or seeks more information. Under the law, the information Sellers sought he was entitled to have of right. Thus, the indictment was demurrable. The trial court's ruling was error.

We are not unmindful of the desire to protect the privacy of minors; indeed, the trial court cited — and we readily acknowledge — the liberal use of initials in the decisions from this Court for just such protective purposes.[3] The decisions of this Court, however, are not governed by the same concerns which control the drafting of a charging instrument that serves a dual constitutional purpose, i.e., a due process notification to a defendant of what he must be prepared to meet and a protection against double jeopardy.[4] Nor do other "public records" in which minors are commonly identified by initials serve the same unique notification/protective purposes of an indictment that formally charges one with a crime.[5] In a charging instrument, the impulse to protect a minor's identity must give way to the constitutional considerations governing a procedure that may ultimately lead to loss of liberty by an individual who is, at the time of indictment, presumed innocent.

---

[1] *State v. Eubanks*, 239 Ga. 483, 485 (238 SE2d 38) (1977).

[2] *Irwin v. State*, 117 Ga. 722 (2) (45 SE 59) (1903); accord *Coalson v. State*, 251 Ga. App. 761, 764 (2) (555 SE2d 128) (2001).

[3] Sellers cites the Tennessee case of *State v. Brigman*, 2003 Tenn. Crim. App. LEXIS 538, n. 1 (2003), for this same proposition.

[4] *Crawford v. State*, 254 Ga. 435, 438 (1) (330 SE2d 567) (1985); *Jones v. State*, 240 Ga. App. 484, 486 (2) (523 SE2d 73) (1999).

[5] We reject as not relevant Sellers' citation to statutes from two of our sister states that preclude "disclosure" of a minor victim's name in public records, N.J. Stat. § 2A:82-46 (a) (New Jersey) and La. R.S. 46:1844 (W) (1) (Louisiana). These statutes go to prevent disclosure of the minor victim's identity to the *public* and in no way address a *defendant's* right to be noticed of the name of an alleged victim. See, e.g., *In the Matter of the Application of VV Publishing Corp.*, 120 N.J. 508 (577 A2d 412) (1990). Georgia has no statutory provision authorizing the use of initials in an indictment in lieu of an alleged minor victim's name; nor does Georgia law provide for any method of formally noticing a defendant of an alleged victim's identity other than through indictment. This Court is not authorized to create new law; that job belongs to the General Assembly, subject to constitutional review.

A fairly recent decision from this Court, *Dennard v. State*,[6] addresses the issue raised herein. In *Dennard*, we held, "if an accusation charges the defendant with committing a crime against a person, the injured person should be identified in the accusation."[7] The trial court in the instant case reviewed *Dennard* and found it distinguishable, because in *Dennard* there was a "total failure" to name the victim in the charging instrument. But this appears to us a distinction without a difference. Whether the indictment fails to identify a victim at all or, as here, names the victim by use of "S. C.," the due process/double jeopardy issues are the same, since the gist of the offense is one against "a particular person,"[8] and the initials "S. C." could apply to any minor having such initials.

Moreover, whether Sellers, in fact, knew to whom "S. C." referred is a credibility decision the trial court seemed inclined to make, but which plays no part in a *pre-trial* special demurrer analysis. As we held in *Dennard* and reiterate here,

> Had this case proceeded to trial and verdict under the current indictments, we do not believe that reversal would be necessary due to the failure to name the intended victim, since it is apparent that [Sellers] understands the nature of the charges against him based on information gleaned from sources other than the indictment itself. However, because we are reviewing the indictment on interlocutory appeal, before any trial, we must apply the rule that a defendant who has timely filed a special demurrer is entitled to an indictment perfect in form and in substance.[9]

Under the instant facts of record as presented on interlocutory review, we are constrained to reverse the order of the trial court denying Sellers' special demurrer to the indictment. In so doing, we note that, on special demurrer, the quashing of an indictment merely bars trial on the flawed instrument; it does not bar the State from reindicting and trying the defendant.[10]

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 10, 2003.

---

[6] 243 Ga. App. 868 (534 SE2d 182) (2000).
[7] (Punctuation and footnote omitted.) Id. at 876 (2).
[8] *Coalson v. State*, supra at 764.
[9] *Dennard v. State*, supra at 877.
[10] *Wallace v. State*, 253 Ga. App. 220, 223 (3) (558 SE2d 773) (2002).

*Healy & Svoren, Timothy P. Healy, Nina M. Svoren*, for appellant.

*Robert W. Lavender, District Attorney, Richard K. Bridgeman, Assistant District Attorney*, for appellee.