S12G1565. THE STATE v. GRUBE.
(744 SE2d 1)

THOMPSON, Presiding Justice.

In October 2009, a Catoosa County Sheriff's deputy pretending to be a 14-year-old girl named Tiffany posted a listing on an Internet website indicating she was looking for something fun to do over an upcoming holiday weekend. Appellant Timothy Grube, then a 27-year-old male, responded to the post and subsequently exchanged numerous e-mail communications with undercover officers who were posing

as Tiffany. Grube ultimately arranged to meet Tiffany, whom he believed to be a 14-year-old girl, for the purpose of engaging in sexual relations. He was arrested by police when he arrived at the agreed upon meeting place.

Grube was indicted on charges of computer pornography, attempted aggravated child molestation and attempted child molestation. See OCGA § 16-6-4 (a) and (c); OCGA § 16-12-100.2 (d). The trial court determined all three counts of the indictment were deficient because each failed to identify the victim of the alleged crimes. The State filed a second indictment charging Grube with the same crimes but amended the language used so as to identify the victim as " 'Tiffany,' a person believed by the accused to be a child" and " 'Tiffany,' a person he believed to be a 14-year-old girl." Grube filed a special demurrer to the second indictment, again asserting the indictment failed to sufficiently identify the victim. The trial court agreed, and the indictment was dismissed. After the Court of Appeals affirmed, *State v. Grube*, 315 Ga. App. 885 (729 SE2d 42) (2012), we granted the State's petition for certiorari to determine whether the Court of Appeals erred by finding the second indictment insufficient to withstand a special demurrer. We now reverse the judgment of the Court of Appeals.

1. As a preliminary matter, we reject the State's argument that Grube's demurrer is an improper speaking demurrer. See *State v. Holmes*, 142 Ga. App. 847, 848 (237 SE2d 406) (1977) (demurrer which seeks to add facts not on the face of the indictment fails as a speaking demurrer). Because Grube only challenges his indictment on the ground that the reference to the victim as "Tiffany" fails to sufficiently identify the victim, the merits of Grube's challenge can be determined without reaching matters outside the four corners of the indictment. Accordingly, his demurrer is not invalid, and we turn to the merits of the State's appeal.

2. The test of the constitutional sufficiency of an indictment

> is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

*State v. English*, 276 Ga. 343, 346 (578 SE2d 413) (2003), quoting *Snider v. State*, 238 Ga. App. 55, 58 (516 SE2d 569) (1999). See *Cochran v. United States*, 157 U. S. 286, 290 (15 SCt 628, 39 LE 704)

(1895). Where a defendant challenges the sufficiency of an indictment by the filing of a special demurrer before going to trial, he is entitled to an indictment perfect in form. *South v. State*, 268 Ga. App. 110, 110-111 (601 SE2d 378) (2004). See OCGA § 17-7-54.

Count one of the indictment charges Grube with the crime of computer pornography under OCGA § 16-12-100.2 (d)[1] in that

> between the 9th day of October, 2009, and the 25th day of October, 2009, Grube did intentionally utilize a computer Internet service to attempt to lure and entice "Tiffany," a person believed by the accused to be a child, to commit child molestation and aggravated child molestation.

In count two, Grube is charged with attempted aggravated child molestation[2] in the following manner:

> on the 25th day of October, 2009, Grube did attempt to commit the crime of aggravated child molestation . . . in that he did knowingly and intentionally perform acts which constituted a substantial step toward the commission of said crime in that he did engage in explicit communications with "Tiffany," a person he believed to be a 14-year-old girl, describing his desire to engage in oral sodomy with said 14-year-old girl, arrange a meeting with her, and arrived at said meeting place.

Count three alleges Grube committed the crime of attempted child

---

[1] OCGA § 16-12-100.2 (d) makes it unlawful for
any person intentionally or willfully to utilize a computer on-line service or Internet service . . . to seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice a child or another person believed by such person to be a child to commit any illegal act described in Code Section 16-6-2 [sodomy or aggravated sodomy]; Code Section 16-6-4 [child molestation or aggravated child molestation]; Code Section 16-6-5 [enticing a child for indecent purposes]; or Code Section 16-6-8 [public indecency] or to engage in any conduct that by its nature is an unlawful sexual offense against a child.
OCGA § 16-12-100.2 (d) (1).

[2] A person commits the offense of criminal attempt when "with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. A person commits the offense of child molestation when he does "any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a) (1). Aggravated child molestation occurs when a person commits the offense of child molestation and the molestation physically injures the child or involves an act of sodomy. OCGA § 16-6-4 (c).

molestation when

> on the 25th day of October, 2009, Grube . . . did knowingly and intentionally perform acts which constituted a substantial step toward the commission of said crime in that he did engage in explicit communications with "Tiffany," a person he believed to be a 14-year-old girl, describing his desire to engage in sexual intercourse with her, arrange a meeting with her, and arrived at said meeting place with condoms.

All three counts follow in large part the language of the statutes Grube is charged with violating, set forth the dates of the alleged crimes, and set forth with particularity the acts constituting the offenses so that Grube may prepare a defense. The only deficiency Grube alleges is that each of the counts fails to more precisely identify the victim. In response, the State concedes that as a general rule an indictment for offenses against a particular person should identify the victim by providing the victim's name but argues that identification of the victim as Tiffany, the only name by which Grube knew the victim and by which he could identify a specific set of communications, is sufficient under the facts of this case.

As stated, to comport with constitutional due process an indictment charging a defendant with a criminal offense must satisfy two criteria: (1) it must contain the essential elements of the crimes and apprise a defendant of what he must be prepared to meet at trial; and (2) it must show with accuracy to what extent the defendant may plead a former acquittal or conviction. *English*, supra, 276 Ga. at 346. The requirement that an indictment identify the victim of a crime against a person serves these same purposes and does so best when it provides the full and correct name of the victim. *Irwin v. State*, 117 Ga. 722 (45 SE 59) (1903) (indictment should name victim by correct name, if known, or some name by which the victim is generally called). Compare *State v. Kenney*, 233 Ga. App. 298 (1) (503 SE2d 585) (1998) (accusation for solicitation for prostitution need not name victim because harm is done to society, not individual); *Day v. State*, 70 Ga. App. 819, 821 (29 SE2d 659) (1944) (indictment charging defendant with sale of intoxicating liquor need not identify to whom liquor is sold). Because this cannot be accomplished in every circumstance, however, our cases allow for identification of the victim by the name by which he or she is generally known, always keeping in mind that the constitutional purpose for identifying the victim is to apprise the defendant of the charges against him. See *Irwin*, supra, 117 Ga. 722; *Eaves v. State*, 113 Ga. 749, 755 (39 SE 318) (1901). See also *Reeves v. State*, 234 Ga. 896 (2) (218 SE2d 625) (1975) (victim

generally known as Grace Reeves sufficiently identified in indictment although her correct name was Grace Wade) (rev'd on other grounds).

Application of these criteria is not altered, but is informed, by the fact that a defendant's criminal conduct is revealed through the use of an Internet "sting" operated by law enforcement. In such cases, the undercover officer may be the person against whom a defendant's conduct is directed, but the defendant knows the officer only by the fictitious persona, alias, or on-line moniker created for purposes of the investigation. A requirement that the officer's true identity be included in the indictment would do nothing to further the goal of apprising the defendant of what he must be prepared to meet at trial. Rather, meaningful notice of the specific conduct forming the basis of the criminal charges in such cases is provided if the victim is identified by the alias or name by which he or she is known to the defendant. See *Eaves*, supra, 113 Ga. at 755-756 (indictment identifying defendant by his initials, by which he was generally known, sufficient to withstand demurrer); *Kenney*, supra, 233 Ga. App. 298 (1) (a).

This conclusion is consistent with our holdings in other cases challenging the manner in which an indictment identifies the victim or defendant. Addressing similar due process concerns, courts in cases involving an alleged variance between the indictment and proof at trial or misnomer in the indictment consistently have concluded that the notice provided by use of an alias or other name by which a victim or defendant is generally known is constitutionally sufficient. *Allen v. State*, 231 Ga. 17 (1) (200 SE2d 106) (1973) (where accused is known by different names, indictment may identify accused by all such names as alias dictus); *Andrews v. State*, 196 Ga. 84 (9) (26 SE2d 263) (1943) (indictment may identify defendant by alias or other name by which he is generally known); *Cockrell v. State*, 248 Ga. App. 359, 361 (2) (545 SE2d 600) (2001) (defendant apprised of charges against him where victim identified in indictment by fictitious name); *Bland v. State*, 182 Ga. App. 626, 627 (356 SE2d 704) (1987) (defendant definitely informed as to charges where indictment identified victim by use of nickname); *Bennett v. State*, 107 Ga. App. 284 (1) (129 SE2d 820) (1963) (grand jury may indict an accused using alias). See *Berger v. United States*, 295 U. S. 78, 82 (55 SCt 629, 79 LE 1314) (1935) (discussing same due process considerations in fatal variance cases); *DePalma v. State*, 225 Ga. 465, 469-470 (169 SE2d 801) (1969) (same). We see no legal reason to distinguish these cases with regard to notice under the Due Process clause and hold that identification of a victim by use of an alias or other name by which the victim is generally known sufficiently informs a defendant of the victim's

identity and apprises the defendant of the nature of evidence he or she must be prepared to meet. This is especially true when identification of the victim is accompanied by language which highlights or explains the use of the alias or alternative name.

Here, the indictment identifies the victim as "Tiffany, a person believed by the accused to be a child." Because Tiffany is an alias used by undercover officers engaged in a sting operation, the State properly relied upon the partial name by which she was known to Grube to identify her and the set of communications on which the charges are based. The State supplemented this description with language indicating that Tiffany was not an actual child/person, information which explains the absence of a full name and allows Grube to prepare his defense at trial. While the better practice may have been for the indictment to include both the alias by which Grube knew the victim and the fact that Tiffany was an alias or a fictitious persona created by undercover officers, the indictment as drafted apprises Grube of the essential elements of the charges against him, identifies the victim by the only name by which the victim is generally known to him, and informs him that Tiffany is not a 14-year-old girl.[3] That the victim may also have been a fictitious persona created by an undercover officer is a fact to be proved at trial, and its absence from the indictment is not a material defect.

The second criterion of a valid indictment, protecting a defendant from double jeopardy in a possible future proceeding, is similarly met by the instant indictment. Because the indictment not only informs Grube that the charges arise out of conduct directed toward Tiffany but also sets out the dates on which the alleged conduct took place and with respect to counts two and three, informs him with some precision of the content of the alleged communications, it cannot reasonably be argued that he is not protected from the dangers of double jeopardy. This is especially true because Grube will be free to use other parts of the record in this case to distinguish charges brought against him in a potential future proceeding.

In determining that Grube's indictment should not have been quashed, we distinguish *Dennard v. State*, 243 Ga. App. 868 (534 SE2d 182) (2000), upon which the Court of Appeals relied. The defendant in *Dennard* was charged with, inter alia, attempted child

---

[3] Neither *Irwin v. State*, supra, 117 Ga. 722 (2), nor *Sellers v. State*, 263 Ga. App. 144 (587 SE2d 276) (2003), demands a different result. *Irwin*, decided under the prior pleading rule, is consistent with our holding today to the extent it reiterates that the State may identify a victim by "some name by which he is commonly and generally called." *Sellers* is factually distinguishable because it involved an actual victim of a completed crime whose full name was known to the defendant and the State but not included in the indictment.

molestation, attempting to entice a child for indecent purposes, and attempted sexual exploitation of children based on his solicitation of an undercover officer over the Internet. The trial court overruled Dennard's special demurrer despite the fact that the indictment failed to identify the victim in any manner. The Court of Appeals reversed, finding the indictment deficient because it "charge[d] Dennard with attempting to commit various crimes against an actual unnamed victim, and nothing in the indictment put[ ] him on notice of who that victim is." Id. at 877. The court specifically noted that nothing in the indictment indicated that the intended victim was in fact an undercover officer as opposed to an actual child. Inasmuch as the indictment in *Dennard* failed to identify the victim by any means and failed to inform the defendant, explicitly or implicitly, that the victim was not an actual child or person, contrary to Grube's argument that case cannot stand for the proposition that an indictment which identifies a victim by an alias used by an officer in an undercover sting operation is deficient.

Unlike in *Dennard*, the instant indictment identifies the victim as Tiffany, the only name by which Grube knew his intended victim, and informs Grube that Tiffany is not an actual child. Thus, the instant indictment satisfies the dual goals of informing the defendant of the charges against him and protecting him from a possible second prosecution for the same offense. Accordingly, Grube's indictment is not subject to the special demurrer, and the contrary decision of the Court of Appeals is reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 3, 2013 —
RECONSIDERATION DENIED JULY 1, 2013.

*Herbert E. Franklin, Jr., District Attorney, Alan C. Norton, Assistant District Attorney*, for appellant.
*Wm. David Cunningham, Benjamin T. Bradford*, for appellee.