**THIRD DIVISION
ANDREWS, P. J.,
DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**October 4, 2013**

# In the Court of Appeals of Georgia

A13A1624. STATE v. COHRON.

ANDREWS, Presiding Judge.

The State appeals following the trial court's grant of Michael Cohron's special demurrer and motion to quash the indictment. For the following reasons, we reverse.

The record shows that Cohron was arrested after engaging in chat sessions, including a webcam video in which he masturbates, with an undercover officer who identified himself to Cohron as D'anea, a 14-year-old girl with a screen name of "absolutelyordinary14." Cohron was subsequently arrested and charged with three counts of obscene Internet contact with a child (OCGA § 16-12-100.2 (e) (1)).[1]

---

[1] OCGA § 16-12-100.2 (e) (1): A person commits the offense of obscene Internet contact with a child if he or she has contact with someone he or she knows to be a child or with someone he or she believes to be a child via a computer wireless service or Internet service, including, but not limited to, a local bulletin board service, Internet chat room, e-mail, or instant messaging service, and the contact involves any

When Cohron filed his first motion to quash the indictment, the State did not oppose the motion, announcing its intention to reindict. The State filed a subsequent indictment, identifying the victim with more specificity but declining to include the name of the undercover officer. Cohron filed another special demurrer and motion to quash, which the trial court granted.

In ruling on the motion, the trial court relied on two cases, *State v. Grube*, 315 Ga. App. 885 (729 SE2d 42) (2012), which is almost directly on point, and *Dennard v. State*, 243 Ga App 868 (534 SE2d 182) (2000). After the trial court issued its ruling, the Georgia Supreme Court overruled *Grube*, and distinguished *Dennard*. See *State v. Grube*, 293 Ga. 257 (744 SE2d 1) (2013).

In determining the constitutional sufficiency of an indictment, the test "is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy

matter containing explicit verbal descriptions or narrative accounts of sexually explicit nudity, sexual conduct, sexual excitement, or sadomasochistic abuse that is intended to arouse or satisfy the sexual desire of either the child or the person, provided that no conviction shall be had for a violation of this subsection on the unsupported testimony of a child.

to what extent he may plead a former acquittal or conviction." *State v. English,* 276 Ga. 343, 346 (578 SE2d 413) (2003). "Where a defendant challenges the sufficiency of an indictment by the filing of a special demurrer before going to trial, he is entitled to an indictment perfect in form." *Grube*, 293 Ga at 259.

1. Cohron argued, and the trial court held, that the indictment did not sufficiently identify the victim. The indictment charged that Cohron unlawfully and intentionally had "contact with someone he believed to be a child under the age of sixteen (16) years, to wit: a person identified as a fourteen (14) year old female named D'anea with a screen name of absolutelyordinary14, via a computer Internet service." This identification was sufficient.

"The requirement that an indictment identify the victim of a crime against a person . . . does so best when it provides the full and correct name of the victim." *Grube*, 293 Ga. at 260. "Because this cannot be accomplished in every circumstance, however, our cases allow for identification of the victim by the name by which he or she is generally known, always keeping in mind that the constitutional purpose for identifying the victim is to apprise the defendant of the charges against him." Id.

> Application of these criteria is not altered, but is informed, by the fact that a defendant's criminal conduct is revealed through the use of an

3

Internet "sting" operated by law enforcement. In such cases, the undercover officer may be the person against whom a defendant's conduct is directed, but the defendant knows the officer only by the fictitious persona, alias, or on-line moniker created for purposes of the investigation. A requirement that the officer's true identity be included in the indictment would do nothing to further the goal of apprising the defendant of what he must be prepared to meet at trial. Rather, meaningful notice of the specific conduct forming the basis of the criminal charges in such cases is provided if the victim is identified by the alias or name by which he or she is known to the defendant.

Id. at 261. Thus, the Supreme Court held that the indictment identifying the victim as "Tiffany, a person he believed to be a 14-year-old girl," was sufficient. Id at 258.

Likewise, the indictment in this case informs Cohron of the essential elements of the charges against him, identifies the victim by the name known to him, and informs him that D'anea is someone he "believed to be a 14-year-old girl." "That the victim may also have been a fictitious persona created by an undercover officer is a fact to be proved at trial, and its absence from the indictment is not a material defect." Id. at 262.

2. The Supreme Court in *Grube* also held that the indictment did not violate the second criteria, protecting a defendant from double jeopardy in a subsequent proceeding.

4

The second criteria of a valid indictment, protecting a defendant from double jeopardy in a possible future proceeding, is similarly met by the instant indictment. Because the indictment not only informs Grube that the charges arise out of conduct directed toward Tiffany but also sets out the dates on which the alleged conduct took place and with respect to counts two and three, informs him with some precision of the content of the alleged communications, it cannot reasonably be argued that he is not protected from the dangers of double jeopardy. This is especially true because Grube will be free to use other parts of the record in this case to distinguish charges brought against him in a potential future proceeding.

Id. at 262.

The Supreme Court also distinguished *Dennard v. State,* stating that "[t]he Court of Appeals reversed, finding the indictment deficient because it charged Dennard with attempting to commit various crimes against an actual unnamed victim, and nothing in the indictment put him on notice of who that victim is." Id. at 263. Further, "nothing in the indictment indicated that the intended victim was in fact an undercover officer as opposed to an actual child." Id.

Therefore, because the indictment in *Dennard* "failed to identify the victim by any means and failed to inform the defendant, explicitly or implicitly, that the victim

was not an actual child or person," it did not apply in *Grube* and does not apply in this case. Id.

Accordingly, Cohron's indictment is not subject to special demurrer and the trial court erred in granting his motion to quash.

*Judgment reversed. Dillard and McMillian, JJ., concur.*