**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J, and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 10, 2016**

# In the Court of Appeals of Georgia

A15A1813. JOHNSON v. THE STATE.                    DO-069 C

DOYLE, Chief Judge.

Ricky J. Johnson appeals from the denial of his motion in arrest of a judgment of conviction for burglary[1] and theft by taking[2] (four counts). He contends that the trial court erred because the indictment was filed outside the applicable statute of limitation[3] and failed to allege any exception thereto. Because the indictment at issue was filed within the six-month extension authorized by OCGA § 17-3-3, we affirm.

The record shows that Johnson was first accused of the underlying crimes in a timely filed indictment that alleged multiple crimes of theft in November 2007 from

---

[1] OCGA § 16-7-1 (b).

[2] OCGA § 16-8-2.

[3] See OCGA § 17-3-1 (c).

a victim identified as "Reid and Reid Construction." Johnson filed a special demurrer to the indictment, and on June 7, 2013, the trial court granted it on the ground that the indictment's reference to the victim failed to identify properly the natural persons in the partnership as required by *Buffington v. State*.[4]

Three days later, on June 10, 2013, the State filed the indictment at issue in this case, re-alleging one count of burglary and four counts of theft by taking and naming the victim as "Reid and Reid Contractors, LLLP, comprised of partners Danny L. Reid and Bradley M. Reid." Johnson filed a second special demurrer and plea in bar, both seeking to quash the indictment on the ground that it was filed outside the four-year statute of limitation for prosecuting felonies under OCGA § 17-3-1 (c). The trial court denied both challenges to the indictment, and following a jury trial, Johnson

---

[4] 124 Ga. 24 (52 SE 19) (1905) ("If the indictment lays the ownership of the goods alleged to have been stolen in a partnership, without alleging the names of the partners composing the firm, it is fatally defective."). The State asserted that this rule is antiquated and not applicable in a modern context. We note that the authority relied upon in that case expresses the common law offense of larceny, and not the offense as codified at OCGA § 16-8-2. See id., citing *People v. Bogart*, 36 Cal. 245, 248 (1868) ("At common law, if the stolen goods are the property of partners, or joint owners, the names of all the partners, or joint owners, must be stated."). See also *Kilpatrick v. State*, 72 Ga. App. 669, 671 (34 SE2d 719) (1945) (noting that Georgia has had only statutory offenses, rather than common-law crimes, since 1833). Nevertheless, deciding the precedential value of that rule today is not necessary to resolve the appeal.

was convicted on each count. Johnson filed a motion in arrest of judgment, making the same argument on statute of limitation grounds, and the trial court denied that motion on the ground that the State was authorized under OCGA § 17-3-3 to re-indict Johnson within six months of the quashing of the original indictment. Johnson now appeals.

1. Johnson argues that the second indictment was defective because it was filed outside the four-year statute of limitation, and it failed to allege any exception to the statutory deadline. Based on the record before us, we discern no reversible error.

Under OCGA § 17-3-1 (c), prosecution for certain felonies including burglary and theft by taking "shall be commenced within four years after the commission of the crime."[5] The crimes alleged in this case were committed in November 2007, so the second indictment, filed in 2013, was outside of that time period. But this does not end the analysis. Under OCGA § 17-3-3, "[i]f an indictment is found within the time provided for [by] statute, and is quashed or a nolle prosequi entered, *the limitation shall be extended* six months from the time the first indictment is quashed

---

[5] See *Jenkins v. State*, 278 Ga. 598, 601 (1) (A) (604 SE2d 789) (2004) (burglary has a four-year statute of limitation); *State v. Bair*, 303 Ga. App. 183, 185 (692 SE2d 806) (2010) ("The period of limitation for theft by taking is four years.").

or the nolle prosequi entered."[6] Here, after the first indictment was quashed pursuant to a special demurrer seeking greater specificity as to the identity of the victims, the State re-indicted Johnson three days later, well within the six-month extension authorized under OCGA § 17-3-3.

Nevertheless, Johnson argues that the second indictment was still defective because it did not on its face allege an exception to the statute of limitation. He relies on *Hodges v. State*,[7] which addressed language similar to that in OCGA § 17-3-3 found in an earlier version of the Code. In *Hodges*, the Court stated that

> in order to prevent an indictment or accusation which shows on its face that it was returned more than two years after the commission of a known . . . offense from being barred by the statute of limitations because returned within six months after the nolle prosequi of a former indictment returned within time, the second indictment or accusation must show [on its face] that the former was not nol prossed because of a fatal defect therein, or because it was void, but that such nol pros was

---

[6] (Emphasis supplied.)

[7] 214 Ga. 614 (106 SE2d 795) (1959). We note that *Hodges* relied in part on *Taylor v. State*, 160 Ga. 331 (127 SE 652) (1925), which addressed a second indictment that charged an entirely new offense not charged in the earlier indictment. See id. at 336. Such is not the case here; as a matter of substance, both of Johnson's indictments charged the offenses at issue on appeal.

for an "informality" or some other good reason which did not render it void.[8]

Based on this, Johnson argues that the second indictment was defective because it failed to allege an extension of the statute of limitation or that it followed a timely, valid indictment.

We note that *Hodges* did not address the exact Code language at issue in this case, and after *Hodges*, the Supreme Court has interpreted and applied OCGA § 17-3-3. For example, in *Sallie v. State*,[9] the Supreme Court addressed a scenario in which an indictment was nolle prossed, and the State reindicted the defendant less than six months later, but outside the applicable limitation period. The defendant argued that the State was required to allege an exception to the statute of limitation, and the Supreme Court disagreed:

> The State did not need to allege an exception to the statute of limitation for any of the charged crimes . . . since [the defendant] was prosecuted within the applicable statute of limitation for all the charged offenses. OCGA § 17-3-3 specifies that the statute of limitation is *extended* six months if an indictment brought within the statute of limitation is later

---

[8] *Hodges*, 214 Ga. at 614 (1).

[9] 276 Ga. 506 (578 SE2d 444) (2003).

5

nolle prossed. In other words, the State may re-indict a defendant within six months after the first indictment is nolle prossed without running afoul of the statute of limitation even if the initial statute of limitation period has run. Therefore, OCGA § 17-3-3 provides an *extension* of the statute of limitation period and not an *exception* to it that must be pled in the indictment. The [second] indictment was not improper.[10]

Applying this rule here, Johnson's second indictment did not need to allege an exception to the four-year statute of limitation because it was filed within the extension provided by OCGA § 17-3-3. Accordingly, the trial court did not err on this ground.

2. Johnson also argues that the original indictment was void, so the State could not rely on it to qualify for the six-month extension in OCGA § 17-3-3. But this misapprehends the procedure that occurred in this case. Johnson's first indictment was quashed due to his special demurrer, which essentially pointed to a flaw in the

---

[10] (Emphasis supplied.) Id. at 513-514 (12). An exception, as opposed to an extension, would be, for example, facts showing how the statute of limitation was tolled by the lack of discovery of the offense. See, e.g., *Pennington v. State*, 323 Ga. App. 92, 101-102 (1) (c) (ii) (746 SE2d 768) (2013) (physical precedent only) ("both counts also alleged that an exception applied to the running of the limitation period, . . . specifically, that the offenses were not discovered" until a later time within the four years prior to the indictment).

6

way the victim was identified,[11] as opposed to showing that the indictment was void altogether, as would be asserted in a general demurrer.[12] A general (not special) demurrer asserts that

> the substance of the indictment is legally insufficient to charge any crime, and it should be granted . . . when an indictment is absolutely void in that it fails to charge the accused with any act made a crime by the law. Put another way, the true test of the sufficiency of an indictment to withstand a general demurrer is found in the answer to the question: Can the defendant admit the charge as made and still be innocent? If he can, the indictment is fatally defective. If the indictment is fatally defective, the sufficiency of the indictment can be questioned by general demurrer or by motion in arrest of judgment.[13]

Here, Johnson's challenge to the first indictment was not that it failed to allege any crime; it was merely that the State failed to name the theft victim with sufficient

---

[11] Cf. *State v. Cohron*, 324 Ga. App. 137, 138 (749 SE2d 416) (2013).

[12] See *State v. Eubanks*, 239 Ga. 483, 485 (238 SE2d 38) (1977) ("A demurrer to an indictment may be general or special. A general demurrer challenges the very validity of the indictment and may be raised anytime; the special objects merely to its form or seeks more information and must be raised before pleading to the indictment.").

[13] (Citation and punctuation omitted.) *Poole v. State*, 326 Ga. App. 243, 247-248 (2) (a) (756 SE2d 322) (2014), quoting *Eubanks*, 239 Ga. at 485.

specificity.[14] Although the first indictment did not name the members of the partnership, it was sufficient to charge Johnson with a crime – he could not admit that he stole the property of someone else (the partnership) without admitting the theft offense.[15] "[W]hile it is necessary for the State to prove that the stolen property belonged to someone other than the defendant in order to support a theft by taking conviction, the identity of the owner is not a material element of the crime that must be alleged and proved."[16] Accordingly, the first indictment, while perhaps not perfect in form, was not void. Therefore, under OCGA § 17-3-3, the statute of limitation was extended by an additional six months after the first indictment was quashed, and the State did not need to allege any exception to the limitation period in the second indictment.[17]

---

[14] See generally *Palatini v. State*, 333 Ga. App. 523, 524 (774 SE2d 818) (2015) ("By special demurrer, an accused claims, not that the charge in an indictment . . . is fatally defective and incapable of supporting a conviction . . . , but rather that the charge is imperfect as to form or that the accused is entitled to more information.").

[15] "A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property . . . ." OCGA § 16-8-2.

[16] *Brandeburg v. State*, 292 Ga. App. 191, 193 (1) (663 SE2d 844) (2008).

[17] See *Sallie*, 276 Ga. at 513-514 (12).

8

3. Johnson's motion to expedite the appeal is denied as moot.

*Judgment affirmed. Phipps, P. J., and Boggs, J., concur.*