**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 15, 2018**

# In the Court of Appeals of Georgia

A18A0364. IN THE INTEREST OF C. W., a child.

MᴄMɪʟʟɪᴀɴ, Judge.

This case concerns the timeliness of an oral motion to dismiss two counts of a delinquency petition on the basis that the victim of the alleged acts of delinquency was not named. We find that under the facts of this case the motion was not timely or properly made and accordingly reverse the juvenile court's order dismissing the challenged counts.

The record shows that C. W. was arrested on January 25, 2017, and placed in detention, which was continued following a hearing a few days later. A delinquency petition was filed on January 31, 2017, alleging delinquent acts which, had C. W. been an adult, would constitute the crimes of attempted aggravated sodomy (Count 1); attempted sodomy (Count 2); sexual battery (Count 3); and two counts of simple

battery (Counts 4 & 5); Counts 1 and 2 referred only to the "victim," while the remaining counts referred to the victim by name. An amended delinquency petition was filed on February 1, 2017, adding an additional count of simple battery against a different victim, who was referred to by name (Count 6).

An adjudicatory hearing was held on February 3, 2017. After the witnesses were sworn but before the State could call its first witness, C. W.'s counsel made a motion to dismiss Counts 1 and 2 of the delinquency petition, arguing that those counts were fatally defective because they did not name the victim of the alleged acts of delinquency, violating the juvenile's due process rights. The State opposed the motion, and the juvenile court took the matter under advisement and continued the hearing. The juvenile court subsequently granted the motion to dismiss, finding that C. W.'s due process rights were violated because Counts 1 and 2 failed to provide sufficient information for him to prepare his defense. The juvenile court also rejected the State's argument that the motion should be denied because it was not in writing and untimely. Pursuant to OCGA § 5-7-1 (a), the State then filed this appeal.[1]

---

[1] We note also that although other counts remained pending below, the State was not required to file an application for interlocutory review. See OCGA §§ 5-7-1, 5-7-2 (b) (2).

The resolution of this appeal requires us to answer two questions – (1) whether the delinquency petition was subject to challenge because the name of the victim was not disclosed, and (2) whether the juvenile's challenge to the petition in the form of a motion to dismiss was timely and properly made. We agree with the juvenile court that the delinquency petition was subject to dismissal because it did not disclose the name of the victim, but find that the juvenile's oral motion to dismiss was not timely or properly brought.

There is no question that a juvenile in a delinquency proceeding is entitled to "scrupulous adherence to due process[.]" *C. L. T. v. State*, 157 Ga. App. 180, 180 (1) (276 SE2d 862) (1981). See also OCGA § 15-11-470 ("The purpose of this article is:... (2) To accord due process of law to each child who is accused of having committed a delinquent act[.]") Thus, while a delinquency petition does not have to be drafted with the "exactitude" of a criminal accusation or indictment, it must satisfy due process. *T. L. T. v. State*, 133 Ga. App. 895, 897 (1) (212 SE2d 650) (1975).

To comport with due process, the language of a delinquency petition must pass two tests "(1) it must contain sufficient factual details to inform the juvenile of the nature of the offense; and (2) it must provide data adequate to enable the accused to prepare his defense." *T. L. T.*, 133 Ga. App. at 897 (1). See also *In re Gault*, 387 U.S.

1, 33 III (87 SCt 1428, 18 LE2d 527) (1967) (the delinquency petition must "set forth the alleged misconduct with particularity" to satisfy due process); OCGA § 15-11-522 (The delinquency petition must set forth "plainly and with particularity: (1) the facts which bring a child within the jurisdiction of the court[.]"); *In the Interest of C. H.*, 306 Ga. App. 834, 837 (4) (703 SE2d 407) (2010) (trial court erred in denying special demurrer when petition did not allege misconduct with particularity); cf. *C. L. T.,* 157 Ga. App. at 180 (1) (delinquency petition sufficient to charge simple assault when it alleged altercation between juvenile and his mother and father).

Our law is settled that an allegation that the accused has committed a crime against a particular person that does not contain the name of the victim is considered deficient and subject to challenge. E.g., *State v. Grube*, 293 Ga. 257, 260 (2) (744 SE2d 1) (2013); *Dennard v. State*, 243 Ga. App. 868 (534 SE2d 182) (2000). But contrary to C. W.'s argument on appeal, in the context of criminal adult proceedings, this type of challenge is considered a challenge to the form, not the substance, of the indictment because it is a demand for more information or specificity so that the accused can properly prepare his or her defense, not a challenge that the indictment fails because it is lacking an essential element of the charged offense. Accordingly, it is in the nature of a special, rather than a general demurrer. *Sellers v. State*, 263 Ga.

4

App. 144, 145 (587 SE2d 276) (2003); *Kimbrough v. State*, 300 Ga. 878, 880 (2) (799 SE2d 229) (2017) ("A special demurrer,... challenges the sufficiency of the *form* of the indictment,... [or claims] that the accused is entitled to more information."). (citation and punctuation omitted; emphasis in original.) And while a general demurrer may be made at any time, a special demurrer or motion seeking this type of information may be waived if not timely made and in writing. See *Palmer v. State*, 282 Ga. 466 (651 SE2d 86) (2007) (discussing time limits for filing a special demurrer); see OCGA §§ 17-7-110, 17-7-111, 17-7-113 (setting out time limits and writing requirements for special demurrers in the context of adult criminal proceedings).

The question then is how a juvenile must challenge the sufficiency of a delinquency petition on the basis that the identity of the victim of a crime against a person was not disclosed. Although the Juvenile Code does not set out a specific procedure for filing a motion in the nature of a special demurrer, Uniform Juvenile Court Rule 7.9 sets out the time for filing pretrial motions as follows: "All other pretrial motions[2] must be made in writing and filed not later than three (3) days,

---

[2] The Uniform Juvenile Court Rules separately address discovery motions and motions in the nature of responsive pleadings. See Uniform Juvenile Court Rules 6.9 and 7.4.

excluding weekends and holidays, before the adjudicatory hearing unless otherwise permitted by the court." Further, the Uniform Juvenile Court Rules contemplate the need to amend pleadings before the adjudicatory hearing, and specifically provide that "[u]pon the motion of any party," the juvenile court will hold a pretrial conference to consider "[t]he necessity or desirability of amendments to the pleadings." Uniform Juvenile Court Rule 7.5. Accordingly, the motion to dismiss in this case, which was made orally and after the first witness was sworn at the adjudicatory hearing,[3] was untimely and not in the proper form.

Lastly, although we note that the strict time limitations for holding the adjudicatory hearing might pose difficulties in meeting these requirements in some circumstances,[4] potentially raising due process concerns, none of those circumstances are present here. Although the petition was amended to add an additional count several days before the hearing, the victim was named in that count and C. W. did not move to dismiss the added count. Further, the name of the victim of Counts 1 and 2

---

[3] OCGA § 15-11-480 (a) provides that jeopardy attaches in a juvenile proceeding when the first witness is sworn at the adjudicatory hearing.

[4] OCGA § 15-11-582 requires an adjudicatory hearing to be held no later than ten days after the filing of the delinquency petition if the child is in detention, and no later than sixty days after the filing of the petition if the child is not in detention.

was disclosed at the detention hearing on January 27, 2017. And lastly, it appears that C. W.'s attorney intentionally waited until jeopardy had attached and the State could not amend the delinquency petition[5] before moving to dismiss.[6] Under these circumstances, C. W. waived his right to be adjudicated on a delinquency petition "perfect in form," and the juvenile court's order dismissing Counts 1 and 2 of the petition must be reversed.

*Judgment reversed. Barnes, P. J., and Reese, J., concur.*

---

[5] After jeopardy attaches, a petition alleging delinquency may not be amended to include new charges of delinquency. OCGA § 15-11-523 (c).

[6] Immediately before moving to dismiss, C. W.'s attorney stated "[N]ow that the first witness has been sworn, I do have a motion to make before the Court."

7