# FIFTH DIVISION
## RICKMAN, C. J.,
## MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 15, 2021**

# In the Court of Appeals of Georgia

A21A1148. TORRES v. THE STATE.

PHIPPS, Senior Appellate Judge.

A jury found Jose Ismael Torres guilty of making terroristic threats, criminal street gang activity, and three counts of aggravated assault. Torres appeals following the denial of his motion for a new trial. He asserts that (1) the trial court abused its discretion by failing to completely answer a question posed by the deliberating jury, and (2) his trial counsel rendered ineffective assistance by failing to make a general demurrer to the terroristic threats count in the indictment. We find no error and affirm Torres's convictions.

1. Torres first asserts that the trial court abused its discretion by failing to completely answer a question posed by the deliberating jury. We find no reversible error in the trial court's response to the question.

"A trial court has a duty to recharge the jury on issues for which the jury requests a recharge." *Dozier v. State*, 306 Ga. 29, 32 (3) (829 SE2d 131) (2019) (citation and punctuation omitted). However, "it [is] within the court's discretion whether to recharge the jury in full or only upon the point or points requested by the jury." *Barnes v. State*, 305 Ga. 18, 23 (3) (823 SE2d 302) (2019) (citation and punctuation omitted). "The necessity, extent, and character of any supplemental instructions to the jury are matters within the discretion of the trial court and appellate review is limited to determining whether that discretion was abused." *Hood v. State*, 292 Ga. App. 584, 587 (6) (666 SE2d 674) (2008).

The record here shows that while the jury was deliberating, the jurors sent the following note to the trial court: "Your Honor, We would like the definitions of the charges (18 pg document)[.] Also we would like the map display." At issue here is how the trial court handled the request for the "definitions of the charges." After discussing the request with the attorneys, the trial court informed counsel, "I'll just read the charges to them again slowly and carefully. All right?" There were no objections to the court's decision.

The trial court brought the jury into the courtroom and addressed its questions. The court first reminded the jury that three offenses were charged in the indictment:

aggravated assault, terroristic threats, and a violation of the Georgia Street Gang Terrorism and Prevention Act. The court then stated: "I'm going to slowly and carefully define those offenses for you." The trial court recharged the jury as to elements of a crime, the State's burden of proof, and the definitions of the charged offenses. The court repeatedly stopped to ask the jurors whether the recharge was helpful, whether the jurors felt they had grasped one concept before the court continued to another concept, and whether the jurors understood certain concepts, to which jurors each time responded affirmatively. At the conclusion of the recharge, the trial court stated, "I think I've answered your questions. You may return and deliberate." The jurors did not request additional charges or state that they needed any additional information.

After the jurors returned to deliberate, the trial court asked counsel whether counsel had any concerns or objections. Torres's counsel stated:

> As I understood the question, they were asking about the 18-page document. My understanding was that the Court was going to read the same thing that you read to them in [the full jury] charge, rather than just the charges themselves. That's kind of what I perceived that they wanted[.]

The court responded:

I respectfully disagree, and I told y'all ahead of time what I was going to do, and there was no issue, and this is sort of an after-the-fact objection, as far as that's concerned. The jurors made reference to an 18-page document, and the reason they did was because I told them during the [full jury] charge, this is going to take awhile, this thing's 18 pages long, but their question was more specifically targeted at definition of the crimes, which is what they asked for and that's what they got, so I don't think I'm required to give them more than what they asked for, but if they had asked for what you're asking for, I certainly would've given it to them. So your exception is noted and overruled.

Torres argues on appeal that the jurors' note requested a complete recharge of *all* the jury instructions and not simply a recharge of the definitions of the offenses. We disagree. Although the jurors' note contained a parenthetical reference to the "18-page document" that comprised all jury instructions, the note specifically requested "the definitions of the charges." The trial court recharged those definitions and repeatedly ensured that the jurors understood the recharge. In addition, at no point did the jurors ask for additional instructions either during or after the recharge.

> Where the jury, after having been charged by the court, returns into court and requests an instruction upon a specific question, it is not error for the judge to confine his instruction to the specific point suggested by the jury's inquiry. It is within the court's discretion to recharge the jury in full or only upon the point or points requested.

*Dyer v. State*, 167 Ga. App. 310, 311 (3) (306 SE2d 313) (1983) (citations and punctuation omitted). Here, "the jury asked for a charge upon a specific point [- the

4

definitions of the offenses -] and the jury was charged upon that point." Id. (citation and punctuation omitted). Moreover, Torres elaborates no arguments suggesting that the recharge, as a whole, was an incorrect statement of the law or that it would mislead a jury of ordinary intelligence. See *Maynard v. State*, 355 Ga. App. 84, 88-89 (3) (842 SE2d 532) (2020). Accordingly, the trial court did not abuse its discretion, and this enumeration of error fails.

2. Torres next asserts that his trial counsel rendered ineffective assistance by failing to file a general demurrer to the terroristic threats count of his indictment. The trial court found that trial counsel was not ineffective in this regard. We conclude that the trial court did not err in denying Torres's motion for a new trial on this ground. See *Hulett v. State*, 296 Ga. 49, 60 (5) (766 SE2d 1) (2014) (an ineffective-assistance claim is a mixed question of law and fact, and we accept the trial court's factual findings unless clearly erroneous and independently apply the law to those facts); see also *Strickland v. Washington*, 466 U. S. 668, 698 (IV) (104 SCt 2052, 80 LE2d 674) (1984).

In order to establish that his trial counsel was constitutionally ineffective, Torres must show that his attorney's performance was deficient and that he was prejudiced by the deficient performance. *Strickland*, 466 U.S. at 687 (III). "Under the

5

first prong of this test, counsel's performance will be found deficient only if it was objectively unreasonable under the circumstances and in light of prevailing professional norms." *Manner v. State*, 302 Ga. 877, 881 (II) (808 SE2d 681) (2017). To meet the second prong, there must be a reasonable probability that, absent counsel's errors, the outcome of the trial would have been different. Id. at 881- 882 (II). Torres must satisfy both prongs of the *Strickland* test, and if he is unable to satisfy one, we need not examine the other. *Davis v. State*, 306 Ga. 140, 144 (3) (829 SE2d 321) (2019). Here, Torres failed to establish deficient performance.

"A general demurrer challenges the validity of an indictment by asserting that the substance of the indictment is legally insufficient to charge any crime, and it should be granted only when an indictment is absolutely void in that it fails to charge the accused with any act made a crime by the law." *Poole v. State*, 326 Ga. App. 243, 247 (2) (a) (756 SE2d 322) (2014) (citation and punctuation omitted).

> An indictment shall be deemed sufficiently technical and correct to withstand a general demurrer if it states the offense in the terms and language of [the Georgia] Code or so plainly that the nature of the offense charged may easily be understood by the jury. In other words, if an accused would be guilty of the crime charged if the facts as alleged in the indictment are taken as true, then the indictment is sufficient to withstand a general demurrer; however, if an accused can admit to all of the facts charged in the indictment and still be innocent of a crime, the indictment is insufficient and is subject to a general demurrer.

6

*Stokes v. State*, 355 Ga. App. 565, 569 (1) (b) (845 SE2d 305) (2020) (citation and punctuation omitted). This Court reviews de novo whether the allegations in the indictment are legally sufficient to withstand a general demurrer. See id.

Torres contends that his trial counsel should have filed a general demuurer to Count 4 of the indictment – the terroristic threats charge – because the indictment did not name a specific victim in that count. "[T]he essential elements of terroristic threats and acts are: (1) a threat to commit any crime of violence (2) with the purpose of terrorizing another."[1] *Poole*, 326 Ga. App. at 247 (2) (citation and punctuation omitted). The constitutional purpose for identifying the victim is to apprise the defendant of the charges against him. *State v. Grube*, 293 Ga. 257, 260 (2) (744 SE2d 1) (2013). We conclude that the terroristic threats count in this case was not fatally defective for failing to specify the names of the victims.

Count 4 of the indictment charged Torres with the offense of terroristic threats in that he, on July 25, 2015, "did unlawfully threaten to commit a crime of violence to persons attending a party at 9037 Campbellton Street by threatening to shoot them, with the purpose of terrorizing those individuals and in reckless disregard for the risk

---

[1] The indictment here also alternatively charged "in reckless disregard for the risk of causing such terror."

7

of causing such terror." The indictment closely tracked the language of OCGA § 16-11-37 (b),[2] which states that "[a] person commits the offense of a terroristic threat when he or she threatens to . . . [c]ommit any crime of violence . . . [w]ith the purpose of terrorizing another[,] or . . . [i]n reckless disregard of the risk of causing the terror." It is well settled that an indictment that uses statutory language to charge the defendant with a crime will withstand a demurrer alleging that the indictment is insufficient. *Stewart v. State*, 246 Ga. 70, 72 (2) (268 SE2d 906) (1980); accord *Poole*, 326 Ga. App. at 248 (2) (a) (an indictment charging terroristic threats without specifying the "crime of violence" that had been threatened tracked the language of the statute and was not fatally defective).

Not only did Count 4 of the indictment in this case track the language of the statute, but it contained other information sufficient to place Torres on notice of the charge against him. See *Bautista v. State*, 305 Ga. App. 210, 213 (2) (699 SE2d 392) (2010) (indictment survived general demurrer because it both tracked the language of the statute and described the acts constituting the offense sufficiently to put the

---

[2] OCGA § 16-11-37 was revised effective May 3, 2016, after Torres was indicted. Ga. L. 2016, p. 793, § 2. However, the substance of the statute for purposes of this appeal remained unchanged. The statute merely rewrote the pertinent phrases in OCGA § 16-11-37 (a) as OCGA § 16-11-37 (b).

defendant on notice of the offense with which he was charged). Specifically, Count 4 of Torres's indictment was sufficient to apprise him that he was charged with making the terroristic threats against persons attending a party at 9037 Campbellton Street. In fact, Torres's trial counsel specifically testified at the hearing on Torres's motion for a new trial that he did not file a general demurrer because although the indictment did not name a specific person, one or more video recordings showed several persons at the party. According to trial counsel, he did not believe that a general demurrer would be meritorious because the defense "knew what [they] were dealing with" and "knew who those specific people were."

Count 4 of Torres's indictment alleged the essential elements of the offense, tracked the language of the terroristic threats statute, and sufficiently placed Torres on notice of the crime with which he was charged and against which he was required to defend. Torres could not admit the conduct alleged in Count 4 and still be innocent of making terroristic threats. As a result, a general demurrer would not have been successful, and Torres's counsel did not perform deficiently by failing to pursue a meritless demurrer as to Count 4.[3] See *Subar v. State*, 309 Ga. 805, 809 (2) (848 SE2d

---

[3] Torres does not argue on appeal – and we therefore do not address – whether his trial counsel rendered ineffective assistance by failing to file a special demurrer. See generally *In the Interest of C. W.*, 345 Ga. App. 750, 751 (815 SE2d 123) (2018)

109) (2020) (where indictment was sufficient to survive a general demurrer, trial counsel's failure to file such a meritless motion could not be deemed deficient performance); *Bradford v. State*, 327 Ga. App. 621, 627 (2) (760 SE2d 630) (2014) (counsel's performance cannot be deemed deficient for failing to file a general demurrer that would have been unsuccessful). This claim therefore fails.[4]

3. Torres also claims in a one-paragraph argument that his five-year sentence on the terroristic threats count is void because Count 4 only charged a misdemeanor, not a felony. This claim lacks merit.

First of all, at the time Torres committed the offenses in July 2015, OCGA § 16-11-37 (c) provided: "A person convicted of the offense of a terroristic threat shall be punished by a fine of not more than $1,000.00 or by imprisonment for not less than one nor more than five years, or both. . . ." The statute at that time contained no

_____

(failure to specifically name a victim in the indictment subjects it to a special, not a general, demurrer); *Johnson v. State*, 335 Ga. App. 886, 889-890 (2) (782 SE2d 50) (2016) (challenging the failure to name the victim of a theft with sufficient specificity requires a special, not general, demurrer).

[4] Torres further argues that his conviction and sentence on Count 5 of the indictment – the criminal street gang activity charge – must be set aside because that conviction relies on the terroristic threats conviction. However, this argument fails based on our conclusion that Count 4 was not defective or subject to a general demurrer.

10

misdemeanor provisions. See *Bryant v. State*, 306 Ga. 687, 689 (1), n. 2 (832 SE2d 826) (2019); *Christian v. State*, 347 Ga. App. 391, 394 (2) (819 SE2d 682) (2018). Although OCGA § 16-11-37 was revised effective May 3, 2016, see Ga. L. 2016, p. 793, § 2, "in general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission." *Widner v. State*, 280 Ga. 675, 677 (2) (631 SE2d 675) (2006) (citation and punctuation omitted). See also *Martinez-Chavez v. State*, 352 Ga. App. 142, 143 (1) (834 SE2d 139) (2019) (a trial court is obligated to sentence a defendant pursuant to the statute in effect at the time he committed the offense).

> Making a lesser penalty applicable to offenses committed prior to the enactment of the legislation creating the lesser penalty is contrary to the judicial interpretation of the laws of this State under which the penalty for a criminal offense relates only to those offenses committed when and after such legislation becomes effective.

*Widner*, 280 Ga. at 677 (2) (citation and punctuation omitted). Accordingly, the trial court did not err in sentencing Torres on his terroristic threats conviction.

In addition, even assuming that the new statutory language applied at the time of Torres's sentencing in 2017, that language also authorizes a five-year sentence under the circumstances presented in this case. The punishment currently prescribed for a terroristic threats conviction reads as follows:

11

> [a] person convicted of the offense of a terroristic threat shall be punished as a misdemeanor; provided, however, that if the threat suggested the death of the threatened individual, the person convicted shall be guilty of a felony and shall be punished by a fine of not more than $1,000.00, imprisonment for not less than one nor more than five years, or both.

OCGA § 16-11-37 (d) (1). Here, Count 4 alleged that Torres "threaten[ed] to shoot" the victims attending the party. Torres asserts, without any citation to authority, that threatening to shoot an individual does not constitute a threat suggesting the death of the threatened victims. We disagree.

In *Christian*, 347 Ga. App. at 394 (2), the defendant threatened to stab a man, gang-rape his wife, and shoot up the couple's apartment. This Court affirmed the five-year sentences imposed for each terroristic threat, concluding that each threat "suggest[ed] the death of the husband and wife." Id. at 395 (2). We likewise find that Torres's threat to shoot the victims in this case suggested the death of the victims, and his five-year felony sentence would be lawful even under the current version of the statute. See id.

*Judgment affirmed. Rickman, C. J., and McFadden, P. J., concur.*